UNITED STATES, Appellee,

v.

**Private E2 Joseph R. MIX, (AKA ROBERT J. MIX), 568–45–5452, United States Army, Appellant.**

**ACMR 8800256.**

U.S. Army Court of Military Review.

4 Jan. 1990.

---

served on him. In addition, the appellant indicated on his post-trial and appellate rights advisement form that he wanted the post-trial recommendation served on him.

The staff judge advocate's recommendation was prepared on 24 April 1988. The convening authority took action on 1 June 1988. Appellant apparently executed a receipt for the authenticated record of trial on 15 August 1988. There is no indication that the appellant was served with a copy of the staff judge advocate's recommendation prior to his receipt of the authenticated record of trial. On 25 August 1988, the appellant mailed matters to the convening authority for his consideration. Of course, this was months after the convening authority had already taken action on the case.

In an affidavit filed with this court by appellate government counsel, the staff judge advocate outlines certain post-trial occurrences which, in the usual case, might be sufficient for one to conclude that the appellant agreed to be represented by Captain H, United States Army Trial Defense Service (TDS), for the purpose of preparing and submitting post-trial matters under the provisions of Manual for Courts–Martial, United States, 1984, Rules for Courts–Martial 1105 and 1106.[1] If Captain H had been representing the appellant, then the government would have been bound to communicate with the appellant through his counsel.

This is not the usual case where we may presume that all of the defense counsel's actions were taken on the authority of the accused. Appellant expressed his distrust with his military lawyers and proceeded *pro se* at his court-martial. At the conclusion of the trial, he told the military judge he would continue to represent himself and that he wanted the staff judge advocate's recommendation and the authenticated record of trial served on him. After trial,

For Appellant: Terence J. Mix, Esquire, Captain Timothy P. Riley, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Gary L. Hausken, JAGC (on brief).

Before KUCERA, GILLEY, and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GIUNTINI, Judge:

The appellant was tried by a general court-martial composed of officer and enlisted members and, contrary to his pleas, he was found guilty of numerous offenses. His adjudged and approved sentence is a dishonorable discharge, confinement for twenty-five years, forfeiture of all pay and allowances, and reduction to Private E1.

Appellant dismissed counsel and proceeded *pro se* at his court-martial. At the conclusion of the trial, he told the military judge that he wanted to handle his own post-trial matters and he requested that the authenticated record of trial and the staff judge advocate's recommendation be

1. Captain H secured a twenty-day extension for submission of such matters; however, from the staff judge advocate's affidavit, it appears that he did not send them in a timely fashion for the convening authority's consideration. According to the affidavit, Captain H "explained that he had been extremely busy and unable to prepare any post-trial submissions in the case...." The affidavit suggests that Captain H eventually did submit matters but that they were sent after action had been taken by the convening authority.

he reiterated in his appellate rights advisement form that he wanted the recommendation "served on [him] personally." From the staff judge advocate's affidavit, it appears that Captain H did not timely submit matters on behalf of the appellant. The appellant, however, mailed matters for the convening authority's consideration within 10 days of appellant's receipt of the record of trial. The post-trial matters submitted by appellant were sent well after the convening authority had taken action.

The record of trial does not contain information sufficient for this court to conclude that the appellant had changed his mind about representation by military counsel and had agreed to have Captain H served with the staff judge advocate's recommendation and the authenticated record of trial. We do not question the good faith of the staff judge advocate or his staff in deciding to deal with appellant through Captain H. However, in this case, without some indication from the appellant, or Captain H, that the appellant had changed his mind and wanted Captain H to be served with the recommendation and action, we are left to speculate about this important issue.[2] The appellant should be given an opportunity to consult with counsel about possible post-trial representation and submissions; also, a new staff judge advocate recommendation and convening authority action is in order. *See* Uniform Code of Military Justice, Article 38(c), 10 U.S.C. § 838(c) (1982), Rules for Courts–Martial 1105 and 1106, and *United States v. Polk,* 27 M.J. 812 (A.C.M.R.1988).

We have not considered the other errors raised by appellate defense counsel, or appellant personally, because we do not have before us proper findings and sentence approved by the convening authority. *See generally United States v. Evans,* 49 C.M.R. 674 (A.C.M.R.1974).[3]

The action of the convening authority, dated 1 June 1988, is set aside. The record of trial will be returned to the same or a different convening authority. The appellant will be given a reasonable opportunity to consult with counsel and to decide what matters, if any, he wishes to forward to the convening authority for his consideration. A new staff judge advocate recommendation and convening authority action will be prepared. The appellant's desires about post-trial representation by counsel will be documented in the staff judge advocate's recommendation, or by other appropriate means.

Senior Judge KUCERA and Judge GILLEY concur.

---

**2.** We note from the staff judge advocate's affidavit that initially there was some confusion whether the appellant would be represented, post-trial, by Captain S or Captain H; Captain S was about to leave the service and Captain H was pending orders directing his permanent change of station. Eventually, it was determined that Captain H "had been appointed as the attorney responsible for assisting Private

Mix in the preparation and submission of post-trial matters. . . ." Again, there is no indication of the accused's desires in this regard.

**3.** The staff judge advocate is not precluded from discussing the errors assigned by appellate defense counsel and the appellant personally. *United States v. Evans,* 49 C.M.R. at 675.