**UNITED STATES**

**v.**

**Frank J. ZAPATA, 554 23 2566, Lance Corporal (E–3), U. S. Marine Corps.**

**NMCM 81 0048.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 22 Sept. 1980.

Decided 30 Nov. 1981.

LCDR Kerry T. Davidson, JAGC, USN, Appellate Defense Counsel.

LT William C. Martucci, JAGC, USNR, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY and KERCEHVAL, JJ.

BAUM, Senior Judge:

Appellant pursuant to his pleas of guilty was convicted by special court-martial, judge alone, of four specifications of unauthorized absence. The judge imposed a bad-conduct discharge, 45 days confinement at hard labor, forfeiture of $150.00 per month for 2 months and reduction to pay grade E–1. In response to appellant's request to be returned to duty, the judge made the following recommendation:

> I do recommend to the convening authority, and that is a strong recommendation, that in the event that your attitude remains the same while you are in confinement and that you demonstrate through your performance and conduct while in confinement that you have rehabilitated yourself, if those conditions are fulfilled then I recommend to the convening authority that he suspend the bad-conduct discharge. It's obvious to me that you do have the potential to satisfactorily [sic] complete your enlistment if in fact your present statements and motivations are true. On the other hand, if you backslide into the type of conduct which has gotten you here then it will be a simple matter to vacate the suspension and take those measures necessary to quickly and expeditiously separate you from the Marine Corps.

Twenty days later, after noting that the judge's recommendation had been considered, the convening authority approved the sentence without suspension. Fifteen days after that action, the supervisory authority, upon the recommendation of his staff judge advocate, also approved the sentence without suspension. The staff judge advocate made the following evaluation and comments with respect to the judge's recommendation:

C. CLEMENCY RECOMMENDATION. The Military Judge recommended that, if the defendant shows rehabilitative poten-

tial while confined, the bad-conduct discharge be suspended.

D. EVALUATION. I do not agree that ZAPATA is deserving of clemency. He has been convicted of significant misconduct, and a sentence extending to punitive separation from the service is warranted. In my opinion, he will not correct his course of conduct. I recommend that the sentence be approved.

The staff judge advocate's review does not reveal whether the quoted evaluation was based in any part on appellant's performance and attitude in confinement but the inference could have been drawn by the supervisory authority, from reading this evaluation in conjunction with the judge's recommendation, that the staff judge advocate had checked with confinement facility authorities and had determined that appellant had not met the requirements set by the judge, particularly since the staff judge advocate gave no reason for his opinion that appellant "will not correct his course of conduct." Such an inference would be incorrect, since documents submitted to this Court indicate that appellant performed well in confinement.

There is nothing to indicate that trial defense counsel made any effort to obtain a report on appellant's progress in the brig for submission to the convening authority or the supervisory authority. Defense counsel reveals in an affidavit to this Court that he talked to the convening authority by telephone subsequent to trial, relating the recommendation of the judge and appellant's desire to return to duty but no mention is made that the convening authority was informed of the appellant's progress in the brig. According to trial defense counsel:

> The Convening Authority at that time told me that prior to trial he was not interested in suspending the bad-conduct discharge if adjudged and that he still was not interested in suspending the bad-conduct discharge. I saw no reason to generate additional paperwork by committing my clemency request to writing at that time.

Accordingly, no written petition for clemency was submitted to either the convening authority or the supervisory authority, nor, pursuant to United States v. Goode, 1 M.J. 3 (C.M.A.1975), did the defense counsel submit a response to the staff judge advocate's review challenging that officer's evaluation of appellant.

This case was initially submitted for our consideration without specific assignment of error by appellate counsel. In response to an order from this Court, however, three errors have now been assigned:

### I

TRIAL DEFENSE COUNSEL DID NOT FULFILL THE POST–TRIAL RESPONSIBILITIES REQUIRED OF HIM UNDER UNITED STATES V. PALENIUS, 2 M.J. 86 (C.M.A.1977) AND UNITED STATES V. SCHRECK, 10 M.J. 226 (C.M.A.1981).

### II

THE STAFF JUDGE ADVOCATE'S RESPONSE TO THE MILITARY JUDGE'S RECOMMENDATION FOR CLEMENCY WAS INADEQUATE.

### III

THE CONVENING AND SUPERVISORY AUTHORITIES FAILED TO TRULY CONSIDER THE CLEMENCY RECOMMENDATION OF THE MILITARY JUDGE.

We agree with Assignment I and, in light of our action with respect to that assignment, find it unnecessary to address the other assignments of error. Based on the post-trial representation responsibilities imposed upon defense counsel by the Uniform Code of Military Justice and Manual for Courts-Martial, 1969 (Rev.) and reaffirmed in United States v. Palenius, 2 M.J. 86 (C.M.A.1977), it was incumbent upon defense counsel to continue to vigorously and loyally represent the expressed interest of his client in returning to duty. See United States v. Schreck, 10 M.J. 226 (C.M.A.1981). A readily apparent and available means for

pursuing this goal was to present to reviewing authorities a clemency petition which would bring to their attention the fact that appellant had met the military judge's terms for suspension of the bad-conduct discharge by performing well in confinement. Contrary to trial defense counsel's belief, there was every reason in the world "to generate additional paperwork by committing [his] clemency request to writing at that time." If pursued properly, a well documented request with a reconfirmed recommendation from the military judge might have resulted in a suspension of the bad-conduct discharge at either of the two levels of review below and certainly would have presented favorable material for consideration by this Court. Defense counsel's satisfaction that a telephone call to the convening authority was all that was needed fails to recognize the importance of documenting in the record favorable points in his client's behalf for other reviewing authorities. Quite apart from his generalized duty to present a clemency petition, it was clearly defense counsel's responsibility, also, to challenge the "Evaluation" portion of the staff judge advocate's review pursuant to *United States v. Goode, supra*, in light of appellant's professed desire to return to duty, the judge's recommendation, and appellant's good evaluation as a confinee. Under the facts of this case, we find trial defense counsel's action after trial to fall short of that required by *United States v. Palenius, supra*.

In view of the denial to appellant of adequate post-trial representation in this case, we will set aside the actions of the convening authority and supervisory authority and return the record to afford appellant the opportunity to fully present, with the assistance of counsel, whatever clemency matters he desires to be considered by reviewing authorities before they act on the record. Accordingly, the actions of the supervisory authority and convening authority are set aside and the record is returned for new actions after affording appellant and his counsel the op-

portunity to present appropriate clemency matters to those authorities.

Judge ABERNATHY and Judge KER-CHEVAL concur.