**UNITED STATES, Appellee,**

v.

**Private E2 Richard J. MARTINEZ, 573–11–6599, United States Army, Appellant.**

**ACMR 8901676.**

U.S. Army Court of Military Review.

17 Aug. 1990.

For Appellant: Captain Timothy P. Riley, JAGC, Captain Robert C. Wee, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain Clay E. Donnigan, JAGC (on brief).

Before FOREMAN, JOHNSON and HAGAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial of forgery, stealing mail, secreting mail, false swearing, and obtaining telephone services under false pretenses, in violation of Articles 123 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 923 and 934 (1982). His approved sentence provides for a bad-conduct discharge and reduction to Private E1.

The appellant contends that "[t]he convening authority took action ... without considering appellant's post-trial submissions because appellant's defense counsel failed to submit matters on his behalf." In substance, the appellant's assignment of error is an allegation of ineffective post-trial representation.

The staff judge advocate's post-trial recommendation was served on the trial defense counsel on 27 July 1989. On 31 July, the trial defense counsel requested an additional twenty days to submit post-trial matters. On 29 August 1989, the trial defense counsel advised the staff judge advocate that no post-trial matters would be submitted. The convening authority took action on 30 August.

In a post-trial affidavit, the trial defense counsel states that immediately after the trial he and the appellant discussed submitting post-trial clemency matters to the convening authority in an effort to persuade him to allow the appellant to be medically discharged. The appellant suffers from a debilitating and incurable illness. The trial defense counsel prepared a draft petition for clemency and sent it by ordinary mail to the appellant for comment. The trial defense counsel states that "[t]his was the only attempt made to contact [the appellant] regarding his post-trial matters. The mailing was not certified or return receipt requested.... I did not have a telephone number in my file or in the appellate rights form to call them at." After receiving no response from the appellant, the trial defense counsel chose to submit nothing. The appellant states that he did not receive the correspondence from his trial defense counsel. Having received nothing from his trial defense counsel, the appellant submitted a handwritten letter to the "business office," captioned "Requesting Appeal of Special Court Martial," which was received after the convening authority's action.

**526**

■ A trial defense counsel is obligated to continue his representation until substitute counsel is appointed or appellate counsel have been designated and have commenced representation. *United States v. Palenius,* 2 M.J. 86, 93 (C.M.A.1977). If a defense counsel fails to exercise due diligence in performing post-trial duties, appellate courts will take suitable action upon review. *United States v. DeGrocco,* 23 M.J. 146, 148 n. 4 (C.M.A.1987). In determining the adequacy of post-trial representation, we will apply the two-pronged test in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984); *United States v. Harris,* 30 M.J. 580 (A.C.M.R.1990).

■ We hold that the appellant was not adequately represented in the post-trial phase of this case. We find that the trial defense counsel's failure to ensure that the appellant received the draft clemency petition, either by using a return receipt or a follow-up telephone call, and his failure to attempt any communication, by telephone or mail, after the appellant did not return the draft clemency petition, fall short of the "due diligence" expected of counsel.

"Considering the unique clemency powers of the convening authority, we cannot say that appellant was not prejudiced by this omission." *United States v. Stafford,* 21 M.J. 298, 299 (C.M.A.1985) (summary disposition).

The findings of guilty are affirmed. The action of the convening authority is set aside. The record of trial is returned to The Judge Advocate General for submission to the same or another convening authority for consideration of appellant's clemency petition and a new action.

Judge JOHNSON and Judge HAGAN, concur.