**UNITED STATES, Appellee,**

v.

**Specialist Larry A. REDDICK,
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, United States
Army, Appellant.**

**ACMR 9001259.**

U.S. Army Court of Military Review.

23 May 1991.

Released for Publication
on 30 May 1991.

For Appellant: Captain Timothy P. Riley, JAGC, Captain Jay S. Eiche, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Donald W. Hitzeman, JAGC, Captain Timothy J. Saviano, JAGC (on brief).

Before De GIULIO, NAUGHTON, and VARO, Appellate Military Judges.

OPINION OF THE COURT [*]

VARO, Judge:

Pursuant to his pleas, the appellant was convicted by a military judge sitting as a general court-martial of various acts of cocaine, marijuana, and lysergic acid diethylamide (LSD) use, possession, and distribution; violation of a general regulation by wrongfully possessing and using two ration cards; and larceny of $2306.00 by receiving unauthorized family separation allowances. The appellant also was convicted, contrary to his pleas, of wrongful communication of a threat and two specifications of obstruction of justice. His crimes were in violation of Articles 92, 112a, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 912a, 921, and 934 (1982 & Supp. V 1987). The military judge sentenced the appellant to a dishonorable discharge, confinement for ten years, total forfeitures, and reduction to the grade of Private E1. The sentence was approved with the exception of the amount of confinement which was reduced to seven years in accordance with the appellant's pretrial agreement.

During the sentencing portion of the trial, the appellant's civilian attorney did not present evidence in the appellant's behalf. Further, this same attorney did not submit any materials pursuant to Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1105 in response to the staff judge advocate's post-trial recommendation to the convening authority.

The appellant now asserts that he was denied effective assistance of counsel during sentencing and post-trial because of the lack of actions on the part of his counsel. The appellant asserts that there were three witnesses he wished to call on his behalf.

---

8. The $20,000.00 fine remains in effect.

* Previously released as a memorandum opinion.

Further, the appellant has submitted several military documents to this court which he believes should have been sent to the convening authority post-trial. In his affidavit to this court, the appellant also appears to state that he was unaware that he was going to plead guilty to most of the offenses charged.

Our review of the record of trial and the affidavit submitted by the appellant's civilian counsel leads us to conclude that the appellant was properly represented both at his court-martial and post-trial. Counsel states that he interviewed all potential witnesses for the appellant and that each one, including the appellant's former wife, told him that the appellant was lying. Based on these interviews, counsel made a proper tactical decision that presentation of character evidence would lead to negative rebuttal against the appellant. The appellant was advised of this situation and accepted counsel's advice to present no character evidence at trial. The appellant's counsel also notes that the appellant made the decision not to testify or present any personal background information to the military judge.

The appellant's counsel reviewed the record of trial and submitted no matters asserting legal error, nor any matters in clemency. Reviewing the materials submitted by the appellant to this court, we note that the nature of the appellant's awards and decorations, as well as most of his military and civilian schooling were part of the record of trial as they are listed on his Dep't of Army, Form 2–1, Personnel Qualification Record (Jan. 1973) [hereinafter DA Form 2–1], admitted as Prosecution Exhibit 3. The appellant did submit two additional documents to this court which are not reflected on his DA Form 2–1: a completion certificate for a Host Nation Orientation Program and a completion certificate for a Trainers' Workshop. Considering the nature of the appellant's offenses, in our opinion, these documents provide no additional information which could have resulted in clemency for the appellant.

Our review of the record of trial and particularly the sentencing argument by appellant's counsel and the pretrial agreement, leads us to conclude that the facts of this case make it distinguishable from *United States v. Dorsey*, 30 M.J. 1156 (A.C. M.R.1990). The appellant has not demonstrated that his counsel's performance was deficient. Therefore, the first prong of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) has been met and we need not test for prejudice. *United States v. Scott*, 24 M.J. 186 (C.M.A.1987). Assuming *arguendo* that the appellant's counsel was inadequate in the manner asserted, applying the second prong of *Strickland* we would find no prejudice. As noted above, none of the information submitted by the appellant would have resulted in clemency.

With regard to the appellant's assertion that he was unaware of the fact that he was pleading guilty prior to trial, we note that the appellant signed a pretrial agreement on 7 March 1990. This agreement was approved by the convening authority on 22 March 1990 and was used in the appellant's court-martial on 24 April 1990, seven weeks after it was signed by the appellant.

The findings of guilty and the sentence are affirmed.

Senior Judge DeGIULIO and Judge NAUGHTON concur.