**UNITED STATES, Appellee,**

v.

**Sergeant John R. HERRIN, 259–06–9683, United States Army, Appellant.**

**ACMR 9000641.**

U.S. Army Court of Military Review.

31 May 1991.

---

For Appellant: Captain Timothy P. Riley, JAGC, Captain Jay S. Eiche, JAGC, Captain James K. Lovejoy, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Thomas E. Booth, JAGC (on brief).

Before FOREMAN, HAESSIG and DOGGETT, Appellate Military Judges.

## OPINION OF THE COURT

DOGGETT, Judge: *

A military judge sitting as a general court-martial convicted the appellant, contrary to his pleas, of absence without leave, sodomy with a child under the age of 16 years, three specifications of assault consummated by a battery on a child under the age of 16 years, and two specifications of indecent acts on a female under the age of 16 years, in violation of Articles 86, 125, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 925, 928, and 934 (1982). Appellant's adjudged sentence of a dishonorable discharge, confinement for fifteen years, forfeiture of all pay and allowances, and reduction to the grade of Private E1 was approved by the convening authority.

At trial, appellant moved for appropriate relief in the nature of a two-for-one credit against his sentence to confinement, arguing that as a noncommissioned officer he had been subjected to illegal conditions of pretrial confinement in violation of Article 13, Uniform Code of Military Justice, 10 U.S.C. § 813 (1982). Appellant was confined in the Fort Benning Installation Detention facility from 14 December 1989 to 1 March 1990 (a total of 77 days). He testified, *inter alia*, that throughout this period he was commingled with post-trial prisoners and was required to perform menial labor with lower ranking enlisted and post-trial confinees. These work assignments included such things as working on a sandpile, filling and moving sandbags, folding sheets, chopping wood, sweeping and buffing floors, and participating in cleanup details. During these commingled work details appellant, a noncommissioned officer, was subjected to taunts from lower ranking enlisted prisoners such as "you're no different than us, you're a convict."

The trial judge denied appellant's motion and found that the work details on which appellant participated were not demeaning labor nor were they intended to humiliate or punish him. The judge found that the cutting of firewood by confinees, to be provided to personnel living on the post, and the filling of sandbags, to be used throughout the installation, were legitimate governmental objectives and therefore did not amount to punishment within the meaning of Article 13, Uniform Code of Military Justice. The trial judge also found that the commingling of noncommissioned and lower ranking enlisted confinees, as well as the

---

* Judge John J. Doggett III took final action in this case prior to his release from active duty.

mixing of pretrial detainees with sentenced prisoners on work details was for the purpose of security and control rather than punishment.

Appellant asserts that the trial judge erred in denying relief for illegal conditions imposed upon appellant during his pretrial confinement. We agree.

■ Persons held in pretrial detention are accorded a special status. They are not adjudged guilty of any crime and must not be subjected to conditions that go beyond those necessary to maintain order, discipline and security and to insure their presence at trial. Conditions placed upon a pretrial confinee that amount to punishment are prohibited. The Supreme Court has recognized that "... under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish,* 441 U.S. 520, 535, 99 S.Ct. 1861, 1872, 60 L.Ed.2d 447 (1979); *United States v. Destefano,* 20 M.J. 347, 349 (C.M.A. 1985).

Article 13, Uniform Code of Military Justice, provides that:

No person, while being held for trial, may be subjected to *punishment or penalty* other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed on him be any more rigorous than the circumstances require to insure his presence, but he may be subjected to minor punishment, during that period for infractions of discipline.

(Emphasis added.)

Guidelines for analyzing issues in respect to the application of Article 13 to particular conditions of pretrial confinement are set out in *United States v. Palmiter,* 20 M.J. 90 (C.M.A.1985). The court found in that case that commingling of pretrial detainees and sentenced prisoners, per se, without more, does not constitute punishment within the meaning of Article 13. *Palmiter,* 20 M.J. at 96.

■ Although a major factor to consider in determining whether a pretrial detainee suffered illegal punishment is the intent of the detention officials, it is only one factor and is not dispositive in this case. In this regard we note that the record is devoid of evidence showing that confinement facility personnel deliberately intended to subject appellant to punishment by assigning him to work details. *See generally United States v. James,* 28 M.J. 214 (C.M.A.1989); *United States v. Palmiter,* 20 M.J. 90 (C.M.A.1985); *United States v. Austin,* 25 M.J. 639 (A.C.M.R.1987), *petition denied,* 26 M.J. 279 (C.M.A.1988).

■ This court must look at the totality of the conditions of the appellant's confinement in determining whether the pretrial conditions imposed upon him as a noncommissioned officer were of such a nature as to constitute a "punishment or penalty" within the meaning of Article 13. In this regard, we recognize that deference should be given to the decisions of correctional facility commanders on the procedures and conditions necessary for the proper operation and administration of a confinement facility. *United States v. Austin,* 25 M.J. 639 (A.C.M.R.1987). Also in *United States v. Palmiter,* Judge Cox noted that "[u]nder no circumstance should the prisoner be the one to dictate the terms and conditions of his confinement. This should always be left up to the correctional facility commanders and the respective services." *Palmiter,* 20 M.J. at 96.

The Army has established regulations for the operation and administration of correctional facilities. With respect to the conditions of pretrial confinement of noncommissioned officers, the Secretary of the Army has directed in Army Regulation 190–47, Military Police: The United States Army Correctional System, paras. 6–6a(2) and 6–6a(3) (1 Oct. 1978) (C1, 1 Nov. 1980) [hereinafter AR 190–47] that:

(2) A detained ... prisoner *will not be commingled with sentenced prisoners on work details* unless the prisoner waives such right.

(3) [A] ... *noncommissioned officer* in a detained status *will be employed only on those duties which normally are performed by ... [a] noncommissioned officer of the same rank, unless voluntarily waived in writing.* The *foregoing restriction,* together with restrictions imposed because of custodial

requirements, or other impelling circumstances, *may preclude any work assignment.*

(Emphasis added.)

Army Regulation 190–47 clearly applies to appellant by virtue of Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 304(f) [hereinafter R.C.M.] which provides in part that, "Prisoners shall be afforded facilities and treatment under regulations of the Secretary concerned."

We find that on the facts of this case, appellant was required to perform menial labor. The work details were of a nature not normally required of noncommissioned officers of appellant's rank during his period of pretrial confinement in contravention of Army Regulation 190–47. Cutting firewood, filling and moving sandbags, and general cleaning details are not the kinds of duties normally performed by a noncommissioned officer of his rank while assigned to a training installation in the United States during peacetime. Noncommissioned officers provide supervision and leadership. This fact was recognized in Army Regulation 190–47 by the statement that restrictions on the types of duty that could be performed by a noncommissioned officer in a detained status "may preclude any work assignment." AR 190–47, para. 6–6a(3).[1]

We further find that requiring appellant, over his objection, to perform menial labor alongside and on the same work detail with lower ranking enlisted soldiers who were also sentenced prisoners was a violation of Army Regulation 190–47, para. 6–6a(2).

■ We find that the appellant did not waive his rights under either AR 190–47 or Article 13. The record clearly shows that the appellant did not consent to the commingling on work details nor did he waive,

in writing, the work assignments inconsistent with his status as a noncommissioned officer. To the contrary, he complained to confinement facility personnel on numerous occasions and submitted several written complaints (DD Form 510).

Accordingly, we hold that there was a violation of Article 13, Uniform Code of Military Justice in that the appellant was denied the protections afforded him by AR 190–47, was required to work in immediate association with lower ranking convicted prisoners, and was required to perform work inconsistent with his rank and status as a noncommissioned officer. He was thus subjected to a "punishment or penalty" thereby.

■ Violations of Article 13, Uniform Code of Military Justice, and Rule for Courts–Martial 304(f) require meaningful sentence relief. R.C.M. 304(f) analysis, app. 21, at A21–14.2. We hold that under these circumstances a two day sentence credit is appropriate for each of the seventy-seven days appellant was subjected to the conditions of confinement in contravention of Army Regulation 190–47 and Article 13, Uniform Code of Military Justice.

We have considered appellant's other errors personally raised pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed. As noted above, the appellant is entitled to 154 days of credit. This credit shall be applied against his approved sentence to confinement.

Senior Judge FOREMAN and Judge HAESSIG concur.

---

1. We specifically note that this is not an issue of whether the work performed was "demeaning". There is no indication that the manner in which the work was required to be done was humiliating, degrading or punitive. It is just not commensurate with appellant's status as a noncommissioned officer. The trial judge emphasized that the work performed had a "legitimate governmental purpose". The fact that the work had some good purpose, however, is not material here. The case law speaks of "legitimate governmental objective" in the context of being reasonably related to the operation, maintenance and/or order and discipline of the confinement facility, for example requiring detainees to clean and maintain their assigned cell or quarters. *See United States v. James,* 28 M.J. 214 (C.M.A.1989); *United States v. Palmiter,* 20 M.J. 90 (C.M.A.1985); *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).