**UNITED STATES**

v.

**Airman First Class Gerardo CALDERON, FR555–67–3149 United States Air Force.**

**ACM 28873 (f rev).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 29 June 1990.

Decided 18 Dec. 1991.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens and Major Ronald A. Gregory.

Appellate Counsel for the United States: Lieutenant Colonel Brenda J. Hollis, Major Jeffrey C. Lindquist, and Major Paul H. Blackwell, Jr.

Before LEONARD, RIVES and JAMES, Appellate Military Judges.

## OPINION OF THE COURT UPON FURTHER REVIEW

JAMES, Judge:

This case presents the question of the effectiveness of the assistance of defense counsel in post-trial activities before the convening authority's action. Appellant pleaded guilty to and was convicted of distributions and uses of cocaine. He was sentenced to be discharged from the service with a bad-conduct discharge, to be confined for 18 months, to forfeit all pay and allowances, and to be reduced to E-1. Appellant and his counsel submitted no matters to the convening authority after trial, and the convening authority approved that sentence as adjudged. We examine appellant's complaint about counsel and another that he was denied credit for pretrial restraint, and we conclude that no relief is warranted on either.

### I. Effectiveness of Counsel

The results of a court-martial are examined by the commander who convened the court-martial, and that commander has the responsibility for acting on the sentence, approving it as adjudged, reducing it, or disapproving it altogether. Article 60, UCMJ, 10 U S.C. § 860 (1988); R.C.M. 1107. The accused may submit "matters for consideration" to the convening authority, typically asking clemency. Article 60(b), UCMJ, 10 U.S.C. § 860(b) (1988); R.C.M. 1105. Appellant says in an affidavit that he never waived his right to submit clemency matters to the convening authority. Of course, "waiver" is both a factual and a legal conclusion. Appellant's factual assertion is supported by the record: It does not include any evidence of a waiver except silence. However, there is no requirement that a written waiver be filed. Instead, the failure to file such matters timely is itself the waiver. R.C.M. 1105(d)(1). Appellant blames that silence on his lawyer.

### A. Circumstances

■ Appellant was convicted at McClellan Air Force Base, California, but later confined at Mather Air Force Base, also in California. His defense lawyer was assigned to yet a third California base, Travis Air Force Base. We take notice that all three bases are close to each other, each within about an hour's drive of the others. The defense lawyer explained in an affidavit that he advised appellant of his post-trial rights but that appellant decided not to pursue them. The lawyer's affidavit was filed last, appellant has not disputed it, and the lawyer does not dispute appellant's statements. Appellant says he tried numerous times to reach his lawyer from confinement to have his help in submitting a clemency petition but that his calls were never returned.

■ The only way to reconcile the affidavits is to find that appellant changed his mind. The lawyer did all he could and all he is required to do when he advised appellant and honored appellant's election to do no more. Appellant then seems to have reconsidered, but he says he was unable to inform his lawyer. Appellant's first choice denied him the help of his lawyer at what has been called his best opportunity for relief from the sentence adjudged. *See e.g., United States v. Stephenson*, 33 M.J. 79 (C.M.A.1991); *United States v. Bono*, 26 M.J. 240, 243 n. 3 (C.M.A.1988); *United States v. Wilson*, 9 U.S.C.M.A. 223, 26 C.M.R. 3 (1958). Furthermore, nothing shows us whether the appellant's change of mind and ensuing telephone calls occurred during the 10 to 30 days allowed for such submissions, Article 60(b)(1) & (2), UCMJ, 10 U.S.C. § 860(b)(1) & (2) (1988); R.C.M. 1106(f)(5).

The record shows a reasonable defense effort at presenting a case on sentencing, during which appellant gave an unsworn statement. At the trial (on 29 June 1990) the military judge informed appellant of his right to submit a clemency petition, Article 60(b)(1), UCMJ, 10 U.S.C. § 860(b)(1) (1988);

R.C.M. 1010, 1105. The record also includes—

(1) an undated letter in which the trial counsel elaborated upon those rights and appellant's receipt for that letter on 29 June 1990,[1]

(2) a certificate showing service of the transcript upon appellant 28 July 1990, which also discloses that appellant refused to acknowledge the service,

(3) the defense lawyer's receipt for service of the recommendations on 30 July 1990,

(4) a receipt by appellant for service of the staff judge advocate's recommendations on 31 July 1990, and

(5) the defense lawyer's acknowledgement[2] that he "had examined the record of trial ... in August, 1990."

Finally, the staff judge advocate's addendum recites that "A1C Calderon and his counsel have failed to submit matters...." without elaboration except that "[s]uch failure is deemed a waiver...." The convening authority acted on the case on 18 August 1990. Appellant's affidavit does not explain what matters he might have submitted or whether he made any effort *to submit them himself.[3] His refusal to acknowledge service of the record suggests a belligerent state of mind inconsistent with the supplication one finds in most petitions for clemency.

## B. The Right to Effective Counsel

■ An accused is entitled to representation during and after trial, throughout the process of trial and appeal. *United States v. Palenius,* 2 M.J. 86 (C.M.A.1977). The constitutional right to counsel means the effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984), *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984); *see, e.g., United States v. Scott,* 24 M.J. 186 (C.M.A.1987).[4]

■ Appellant relies on a claim of actual ineffectiveness.[5] That requires the two-step analysis stated in *Strickland* and repeatedly reviewed by the Court of Military

---

1. The letter misstated the time limits for such submissions as 7 days, extendable by 20 more.

2. Filed as part of a certificate of correction.

3. Missing in this case are the creative, further efforts employed in some other commands. We sometimes find that defense counsel have added to the record the accused's written and signed waiver of his post-trial rights. In other cases the staff judge advocate supplies a receipt for service of his recommendations that calls upon the accused to state whether he elects to submit any matters in his own behalf. Both measures are commendable: What we least like finding on appeal is ambiguity. Either would have foreclosed this issue, but neither is required.

4. *Strickland* is mainly about a *trial* right, but the *Strickland* approach is applied to counsel's assistance after trial, too. *See, e.g., United States v. Dorsey,* 30 M.J. 1156, 1159 (A.C.M.R.1990); *United States v. Harris,* 30 M.J. 580, 581 (A.C.M.R.1990); *United States v. Martinez,* 31 M.J. 524, 526 (A.C.M.R.1990); *United States v. Polk,* 27 M.J. 812, 816–17 (A.C.M.R.1988), *rev'd on other grounds,* 32 M.J. 150 (C.M.A.1991); *United States v. Davis,* 20 M.J. 1015, 1017 (A.C.M.R.1985). However, we also note the Court of Military Appeals has twice recently dealt with questions of post-trial effectiveness in *United States v. Stephenson,* 33 M.J. 79 (C.M.A. 1991), and *United States v. Curry,* 31 M.J. 359 (C.M.A.1990), and that it made no reference to *Strickland. Cf. United States v. Holt,* 33 M.J.

400 (C.M.A.1991). Even if we deduce that some new doctrine is being born, we still find the *Strickland* approach to be valuable. It addresses the right questions, and it puts the burdens where they ought to be.

5. There are two kinds of "effective assistance issues," and they have different analyses. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. In addition to the actual ineffectiveness with which *Strickland* deals, ineffectiveness can also be inferred in at least three situations, as when defense counsel suffered conflicts of interests, *e.g., Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), or when counsel abandoned the client, *e.g., United States v. Galinato,* 28 M.J. 1049 (N.M.C.M.R.1989), or when the government interfered with counsel's independent representation, *e.g., United States v. Stubbs,* 23 M.J. 188 (C.M.A.1987), *cert. denied,* 484 U.S. 846, 108 S.Ct. 142, 98 L.Ed.2d 98 (1987). Appellant does not argue any of those categories, and his case does not fit any of them. Appellant's affidavit shows no interference by the government. Indeed, it shows the converse, that he had apparently liberal access to telephones by which to try to reach his lawyer. Though appellant might suspect that his lawyer abandoned him, the lawyer's affidavit shows that the lawyer continued to help appellant until they reached the point at which there was no more to do for him, given appellant's choices.

Appeals in cases like *Scott* and by this Court in cases like *United States v. Barnard*, 32 M.J. 530 (A.F.C.M.R.1990), *pet. denied*, 33 M.J. 484 (C.M.A.1991). An appellant must show both ineffectiveness and prejudice. "The purpose [of the Sixth Amendment guarantee of effective assistance of counsel] is simply to assure that criminal defendants receive a fair trial." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. "Unless a defendant makes both showings [deficient performance and prejudice], it cannot be said that the conviction ... resulted from a breakdown in the adversarial process that renders the result unreliable." *Id.* at 687, 104 S.Ct. at 2064.

**1. Deficiency in Performance of Counsel?**

■ "First, the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Counsel is presumed competent, *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Strickland*, 466 U.S. at 668, 689, 690, 104 S.Ct. at 2052, 2065, 2066; *United States v. Scott*, 24 M.J. at 188. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. The appellant must show them to have been "[e]rrors so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." *Id.* at 687, 104 S.Ct. at 2064.

■ "The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. We must apply an objective standard, "prevailing professional norms." *Id.* at 688, 104 S.Ct. at 2065. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. at 2065. We must evaluate counsel's performance from counsel's perspective. *Id.*

Does appellant show that he was somehow denied the effective assistance of counsel? His affidavit states no deficiency in the performance of his counsel. It is abundantly clear that appellant was informed of his right to present matters to the convening authority. The defense lawyer's equally clear affidavit tells us that he and his client discussed the idea and that appellant elected not to pursue it. The lawyer did all that he was required to do.[6] Here, as in *United States v. Curry*, 31 M.J. 359 (C.M.A.1990), appellant has not informed us what he might have submitted. *See also United States v. Evans*, 31 M.J. 927 (A.C.M.R.1990); *cf. United States v. Reddick*, 32 M.J. 967 (A.C.M.R.1991). Appellant has not even shown his belated change of mind to have been timely enough that there remained any opportunity to act upon it. Appellant failed to meet his burden under *Strickland*.

**2. Prejudice?**

■ Having found no ineffectiveness, we are not required to examine prejudice, *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069,[7] but we will. "[T]he defendant must show that the deficient performance prejudiced the defense," *id.* at 687, [104 S.Ct. at 2064], "... that there is a reasonable prob-

---

**6.** Contrast appellant's case to *United States v. Martinez*, 31 M.J. 524 (A.C.M.R.1990) (defense counsel used ordinary mail to consult client on clemency petition, period expired); *United States v. Dorsey*, 30 M.J. 1156 (A.C.M.R.1990) (defense counsel did little preparation for sentencing case, then did not offer letters from appellant's references to convening authority, either); *United States v. Harris*, 30 M.J. 580 (A.C.M.R.1990) (uncoordinated efforts post-trial resulted in frustration of accused's wish to submit matters to convening authority on clemency); *United States v. Polk*, 27 M.J. 812 (A.C.M.R. 1988), *rev'd on other grounds*, 32 M.J. 150

(C.M.A.1991) (lower court found ineffectiveness when the recommendations were served upon counsel already on terminal leave within 5 days of separation; disposition later reversed for ineffectiveness at trial); *United States v. Zapata*, 12 M.J. 689 (N.M.C.M.R.1981) (defense counsel decided—apparently alone—not to pursue clemency).

**7.** *See, e.g., United States v. Griffith*, 27 M.J. 42 (C.M.A.1988); *United States v. Reddick*, 32 M.J. 967 (A.C.M.R.1991).

ability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "Even if a defendant shows that particular errors of counsel were unreasonable ..., the defendant must show that they actually had an adverse effect on the defense." *Id.* at 693, 104 S.Ct. at 2067. "It is not enough ... to show that the errors had some conceivable effect on the outcome...." *Id.*

Even assuming that appellant's inability to communicate his belated change of mind constituted ineffectiveness of the lawyer, we find little evidence in this case of prejudicial effect. We acknowledge that a convening authority may reduce a sentence for any reason or for no reason, Article 60(c)(1), UCMJ, 10 U.S.C. § 860(c)(1) (1988); R.C.M. 1107(b), but we find no reason present in the record that would have caused the convening authority to do so. Appellant has given us no clue what he might have said to the convening authority that was not already before him.[8] The sentence is not inappropriate, and the record suggests no reason why it should have been less. This case is distinctly different from those in which the record shows information which might have led the convening authority to mitigate the sentence, especially those in which the military judge invited the convening authority to suspend part of it, something the military judge cannot do himself.[9]

## II. Credit for Pretrial Restriction

Appellant also complains that the military judge did not grant any credit against the sentence for the restriction under which appellant was placed for 74 days before trial. Appellant reasons that the restriction was tantamount to confinement.

### A. Circumstances of Restraint

■ Appellant was restricted on 12 March 1990, required to "remain within the confines of McClellan AFB at all times," and to report to his duty section every duty day at 0730 and further to call his supervisor each evening at 1800 and 2200. The latter requirement was soon relaxed to one call nightly. The order that restricted him provided that he could go off the base when escorted, though it does not state for what purposes. The restriction was imposed by appellant's commander with an order in writing. The same commander rescinded it orally and in writing effective 24 May 1990.

In addition to the foregoing requirements, appellant was briefly required to report in and out of his workplace,[10] to telephone his supervisor when he arrived at a new place of duty, and to do more of the additional duties that fall to all servicemen.

The original decision to restrict appellant was not shown in the record to have been well considered, and this commander's attentiveness to this important matter did not improve. The commander viewed appellant as a flight risk and restricted him for that reason, but the record does not inform us why the commander held that view. The record does inform us that the commander put the burden on the appellant: it was the commander's intent to leave the restriction effective "until he demonstrated that he wasn't a flight risk." Unfortunately, the commander forgot. The restriction remained effective until he remembered, apparently much longer than was needed.

### B. The *"Mason"* Credit

Appellant moved for appropriate relief timely. The parties at trial referred only

---

**8.** *Contrast United States v. Holt,* 33 M.J. 400, 409–12 (C.M.A.1991) (failure to offer information to convening authority on clemency); *United States v. Stephenson,* 33 M.J. 79 (C.M.A.1991) (failure to offer favorable information to convening authority on clemency).

**9.** *See, e.g., United States v. Davis,* 20 M.J. 1015 (A.C.M.R.1985) (fail to inform convening au-

thority of military judge's recommendation to suspend punitive discharge); *see also United States v. Rich,* 26 M.J. 518 (A.C.M.R.1988), *pet. denied,* 28 M.J. 334 (C.M.A.1989).

**10.** We take this to mean sign a log entry recording his arrival and departure.

to *United States v. Smith,* 20 M.J. 528 (A.C.M.R.1985), *pet. denied,* 21 M.J. 169 (C.M.A.1985), in what we take as a motion for the *"Mason* credit" against adjudged confinement for pretrial restriction tantamount to confinement.[11]

It is often difficult to discern the distinction between restriction and the regimentation and hard duty that can be routine in military life. A commander and others in the chain of command may impose reasonable limitations on a soldier's freedom to assure availability for duty, to maintain the health of a unit, and for similar reasons. *See* R.C.M. 304(h). These restrictions were not imposed for those reasons. They were imposed as pretrial restraint under R.C.M. 304. But that does not entitle appellant to the credit he seeks.

Instead, we should look to "the totality of the conditions imposed," *Smith,* 20 M.J. at 530, considering the prior examples of such cases (many of which are summarized in *Smith,* 20 M.J. at 530–31) and the factors gleaned from them (and listed in *Smith,* 20 M.J. at 531–32). When we do so, we conclude that the conditions of appellant's restriction did not reflect the kind of "substantial impairment of the basic rights and privileges enjoyed by service members" that *Smith* tells us is the common thread in cases in which the credit is due. This assignment of error is without merit.

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge LEONARD and Judge RIVES concur.

---

**11.** The *"Mason* credit" was so named by the Senior Judge Raby of the Army Court of Military Review in *United States v. Gregory,* 21 M.J. 952 at 953 n. 2 (A.C.M.R.1986), *affirmed,* 23 M.J. 246 (C.M.A.1986), in which our Army brothers sought to follow the intent of the Court of Military Appeals in *United States v. Mason,* 19 M.J. 274 (C.M.A.1985), a summary disposition ordering a credit for pretrial restriction.

However, there are various theories for such sentence credits. First, a convict may be entitled to a credit against adjudged confinement for pretrial confinement served, *United States v. Allen,* 17 M.J. 126 (C.M.A.1984), and for restriction that is so severe that it is tantamount to confinement, as *Smith* holds. *United States v. Mason,* 19 M.J. 274 (C.M.A.1985) (summary disposition). *See, e.g., United States v. Sassaman,* 32 M.J. 687 (A.F.C.M.R.1991). In addition, a convict may be entitled to further credit as a remedy if the pretrial confinement was illegally imposed, R.C.M. 305(k), and for restriction tan-

tamount to counfinement if not in conformity with R.C.M. 305, *United States v. Gregory,* 21 M.J. 952 (A.C.M.R.1986), *aff'd,* 23 M.J. 246 (C.M.A.1986). *See generally United States v. Ecoffey,* 23 M.J. 629 (A.C.M.R.1986); *United States v. Amos,* 22 M.J. 798 (A.C.M.R.1986). Finally, the convict may be entitled to reassessment of the sentence if he was punished before trial in violation of Article 13, UCMJ, 10 U.S.C. § 813 (1988), and R.C.M. 304(f). *United States v. Herrin,* 32 M.J. 983 (A.C.M.R.1991); *United States v. Moore,* 32 M.J. 774 (A.C.M.R.1991). The matter was raised at trial only under the *Smith* theory, and the error is assigned on appeal only under that theory. Accordingly, we take the assignment as a complaint that the appellant did not receive the so-called *"Mason* credit." We do not address the others except to note that appellant is due no relief under R.C.M. 305 because we hold that his restriction was not tantamount to confinement and none under Article 13 because we do not view it as punitive.