**UNITED STATES, Appellee,**

v.

**Private E2 Angela H. BRYANT, 424–96–6780, United States Army, Appellant.**

**ACMR 9101419.**

U.S. Army Court of Military Review.

23 Sept. 1992.

For Appellant: Major Fran W. Walterhouse, JAGC, Captain Michael P. Moran, JAGC, Captain Timothy M. Lawlor, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J.

Dell'Orto, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Edith M. Rob, JAGC, Captain Donna L. Barlett, JAGC, Captain Samuel J. Smith, Jr., JAGC (on brief).

Before JOHNSON, WERNER, and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

Contrary to her pleas, the appellant was convicted by a military judge sitting as a special court-martial of two specifications of failing to go to her appointed place of duty, two specifications of disobeying the orders of a noncommissioned officer, and one specification of disrespect toward a noncommissioned officer, in violation of Articles 86 and 91, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 891 (1982). The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for three months, forfeiture of $490.00 pay per month for three months, and reduction to Private E1.

In this case, we must decide whether the defense counsel's conduct in providing advice to his client regarding choice of forum, advice with which the counsel did not personally agree, amounted to ineffective assistance of counsel. We hold that the defense counsel's conduct amounted to ineffective assistance of counsel.

### I.

The appellant's court-martial occurred in Saudi Arabia. On appeal, she initially asserted that her defense counsel, MAJ D [then CPT D], was ineffective during the sentencing proceedings at trial and during the post-trial processing of this case. She has filed an affidavit with this court detailing her reasons for believing that her defense counsel was ineffective. The defense

counsel has also filed an affidavit in reply. Based on these affidavits, the government has conceded that MAJ D was ineffective in his representation of the appellant during and after sentencing. In light of our holding, we need not examine the correctness of the government's concession regarding ineffectiveness in the sentencing and post-trial phases of the court-martial process.

The defense counsel's affidavit also raised a troubling issue regarding his effectiveness during the pretrial phase involving a decision made by the appellant at trial.[1] In his affidavit, the trial defense counsel asserted, *inter alia:*

4. Prior to trial, I made two trips out to the desert [in Saudi Arabia] where the 1st Armor [sic] Division was encamped to interview my client and prepare the case. I had no means of transportation nor communication and was forced to rely upon transportation provided by the 1st Armor [sic] Division. During these two visits, I focused my investigation on the guilt/innocence portion of the trial and expended a lot of energy attempting to convince the command to dispose of the charges either administratively or through nonjudicial punishment.

. . . .

8. Despite my attempts to make the charges go away, I was notified several days prior to February 23, 1991 that we would be going to trial. I did not arrive at Log Base Echo until the late afternoon of February 22, 1991. The 1st Armor [sic] Division had just moved forward and it was well known that the ground war would be starting in the immediate future. Although I was well prepared for the guilt/innocence phase of the trial, I knew that I had done nothing to put together an extenuation and mitigation case.

---

1. Equally troubling is a question regarding his adherence to the Rules of Professional Conduct for Lawyers which were at the time of trial contained in Dep't of Army, Pam. 27–26, Rules of Professional Conduct for Lawyers (31 December 1987). (The rules are now contained in Army Reg. 27–26, Rules of Professional Conduct for Lawyers (1 May 1992)). The ethical question is best addressed through a separate mechanism established under provisions of Army Reg. 27–1, Legal Services: Judge Advocate Legal Service, ch 7 (15 Sep. 1989). *See also* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 109 [hereinafter R.C.M.].

9. *Moreover I was faced with a dilemma that I had never faced before—being torn between my loyalties as an officer and my loyalties as a defense counsel. I knew that the case against PV2 Bryant was full of problems and that there was a chance for acquittal before a panel. I also knew that the ground war was to about start and that the 1st Armor [sic] Division needed each and every officer and noncommissioned officer to do their part. I am sorry to admit that CPT [D] the officer won over CPT [D] the defense counsel and I convinced PV2 Bryant that she should choose to go judge alone. I knew that this was a classic case which warranted a panel. In fact, after trial the judge questioned me about why I did not go with a panel and indicated that he thought I would have done better with a panel. I gave my client advice which was in the best interest of the war effort and not in her best interest.*

(emphasis added.)

Because of these statements, we specified the following issue:

WHETHER THE APPELLANT'S TRIAL DEFENSE COUNSEL WAS INEFFECTIVE AS TO THE MERITS PORTION OF APPELLANT'S TRIAL, BASED UPON ADMISSIONS CONTAINED WITHIN [THE DEFENSE COUNSEL'S] SWORN AFFIDAVIT.

In response to the specified issue, appellate defense counsel, not surprisingly, assert that the trial defense counsel's actions amount to ineffective assistance of counsel under the standards of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and because the actions involve a conflict of interest, citing *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). In addition, the appellant has submitted a new affidavit in which she asserts that MAJ D failed to call a number of witnesses to testify on the merits of the case on her behalf.[2]

The government responds that we should not find ineffective assistance of counsel because it is human nature for a defense counsel to second-guess his own decisions and trial tactics after an unfavorable trial result, that "speculation based on hindsight is not the proper standard" for determining whether MAJ D was ineffective, and that the advice was "not unreasonable under the circumstances and was well within professional norms." Assuming, *arguendo,* that the advice was erroneous, the government further argues that "the appellant was not prejudiced as a result of the counsel's actions because "the decision regarding forum was ultimately appellant's to make." Appellate government counsel argues that the record shows that the appellant knowingly, intelligently, freely, and unequivocally elected trial by military judge alone.

## II.

The Sixth Amendment right to counsel includes the right to effective representation of counsel. *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. The appellant is entitled to effective representation of counsel before, during, and after trial. *United States v. Holt,* 33 M.J. 400 (C.M.A. 1991). A counsel's performance is judged under standards set out in *Strickland* which are applicable in the military justice system. *United States v. Scott,* 24 M.J. 186 (C.M.A.1987). Under *Strickland,* a counsel's performance is presumed to be competent. To overcome this presumption, an appellant must point out specific errors made by his defense counsel that were unreasonable under prevailing professional norms. *Cronic,* 466 U.S. 648, 104 S.Ct. at 2039. Under *Strickland,* there is a two-part test for showing ineffectiveness of counsel. First, the appellant must show that the counsel's performance was deficient. Second, the appellant must show that the deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. at 2064. However, prejudice may be presumed when

2. The government has presented a countervailing affidavit from MAJ D explaining his reasons for not calling the witnesses. Because of our holding in this case, we need not determine the merits of this particular aspect of the appellant's allegation of ineffectiveness.

the defense counsel is burdened by an actual conflict of interest, or when an accused has been denied the effective assistance of counsel at a critical stage of trial. *Id.* at 691–92, 104 S.Ct. at 2066–67; *Cronic*, 466 U.S. at 659–60, 104 S.Ct. at 2047–48; *Cuyler v. Sullivan*, 446 U.S. 335, 345–50, 100 S.Ct. 1708, 1716–19, 64 L.Ed.2d 333 (1980); *United States v. Babbitt*, 26 M.J. 157, 158 (C.M.A.1988). *See also United States v. Calderon*, 34 M.J. 501, 504 n. 5 (A.F.C.M.R. 1991). "[O]nly when the surrounding circumstances justify a presumption of ineffectiveness can a Sixth Amendment claim be sufficient without inquiry into counsel's actual performance at trial." *Cronic*, 466 U.S. at 662, 104 S.Ct. at 2048.

A defense counsel must "guard the interests of the accused zealously within the bounds of the law" and must "represent the accused with undivided fidelity." R.C.M. 502(d)(6), discussion (B).

### III.

■ We reject the government's arguments summarized in Part I above. We cannot agree that the defense counsel's advice to the appellant before trial was "not unreasonable under the circumstances and was well within professional norms." Nor can we agree that we should treat the contents of the defense counsel's affidavit as merely the product of human nature to second-guess his own performance and as "speculation based on hindsight." Finally, while the record of proceedings may ostensibly show that the appellant's choice of forum was knowingly, intelligently, and freely made, the defense counsel's affidavit shows the contrary. A component of a client's knowing and intelligent decisions prior to and at trial is the counsel's best advice, unencumbered by divided loyalties.

■ In our system of military justice, it is clear that the interests of the Army are best served when the interests of the defense counsel's client are paramount in that counsel's mind. In the case before us, the defense counsel failed to understand, or lost sight of the fact, that a defense counsel's duty to the Army is to provide his or her client with representation unclouded by the government's operational considerations.

We judicially note that the ground war against Iraq began during Operation Desert Storm on 24 February 1991, and that the First Armored Division was an active participant throughout. We also note that the trial of this case occurred on 23 February 1991. We find that the defense counsel's affidavit is believable, credible, and forthright, and we accept it as accurate. By the defense counsel's own admission, he placed what he perceived to be the Army's interests over those of his client. Utilizing the standards for measuring the effectiveness of counsel set out in *Strickland v. Washington*, we hold that the defense counsel provided ineffective assistance of counsel when he gave advice regarding the critical decision of choice of forum, advice that he himself did not agree with and which he was convinced was not in his client's best interest. Under the unique circumstances of this case, we find the defense counsel was laboring under an actual conflict of interest and will presume prejudice.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge JOHNSON and Judge WERNER concur.