OPINION OF THE COURT

UNITED STATES, Appellee

v.

Specialist Tyrie A. ROZIER, 256–47–9995, United States Army, Appellant.

ARMY 9400181.

U.S. Army Court of Criminal Appeals.

25 Jan. 1995.

For Appellant: Colonel Stephen D. Smith, JAGC, Captain Teresa L. Norris, JAGC (on brief).

For Appellee: Colonel John M. Smith, JAGC, Major Marcus A. Brinks, JAGC, USAR, Captain Michael E. Mulligan, JAGC (on brief).

Before GRAVELLE, JOHNSTON, and MOGRIDGE, Appellate Military Judges.

JOHNSTON, Judge:

Pursuant to his pleas, the appellant was found guilty by a military judge sitting as a special court-martial of two specifications of absence without leave and willful disobedience of a superior commissioned officer in violation of Articles 86 and 90, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 890 (1988) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for four months, forfeiture of $250.00 pay per month for four months, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority approved the adjudged sentence, but suspended for six months confinement in excess of sixty days and forfeiture of $250.00 pay per month for four months.

The appellant asserts that the military judge abused his discretion by refusing to hear a defense motion pursuant to Article 13, UCMJ, 10 U.S.C. § 813, for administrative credit against the sentence to confinement. We agree.

During the presentencing hearing, the trial defense counsel told the military judge that her client informed her just before the beginning of trial that he had been commingled with post-trial prisoners and required to work with them while in pretrial confinement. The colloquy that followed preserved the assertion of error.

MJ: . . . . When did you become aware of the alleged Article 13 violation?

DC: Today, sir. Just before the beginning of this trial.

MJ: So approximately what, 1330 hours, you found out about it?

DC: Yes, your Honor.

MJ: How did you find out?

DC: I was discussing the restriction [tantamount to confinement] with [the accused] and he brought up the fact that—he was wondering if there was anything wrong with the fact that he had been commingled with post-trial prisoners and he was working with them while he was in pretrial confinement.

MJ: So that was your first indication of any alleged violation under Article 13?

DC: Yes, Your Honor.

MJ: And obviously you did not serve any notice on trial counsel.

DC: No, your Honor.

MJ: Is there any particular reason why it wasn't discovered until today?

DC: No, Your Honor. I—no, Your Honor. The accused just didn't bring it up until today. I wasn't aware of any problem until today.

MJ: Okay. And this is not intending to be critical in any sort. You did not ask about it either, did you?

DC: No, Your Honor.

MJ: I'm not going to allow the motion for the Article 13 credit. I'm not even going to consider that. I find it untimely and I'm going to rule that it's untimely and not even allow any evidence on it.

DC: For the record, Your Honor, I'd like to enter an objection to that.

MJ: Sure.

DC: That it's not untimely because of the fact that it was only raised today to me.

MJ: All right. Noted.

Article 13, UCMJ, provides in pertinent part that "[n]o person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement ... nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances required to insure his presence...." It has long been held that conditions of pretrial confinement that are so egregious that they amount to illegal punishment entitle an appellant to additional sentence credit. *United States v. Suzuki,* 14 M.J. 491 (C.M.A.1983).

The Court of Appeals for the Armed Forces has not definitively determined whether the commingling of detainees and sentenced prisoners, without more, constitutes a per se violation of Article 13 that may

lead to an award from the military judge of administrative credit for any confinement approved as punishment. *See United States v. Huffman,* 40 M.J. 225 (C.M.A.1994); *see also United States v. Fogarty,* 35 M.J. 885 (A.C.M.R.1992). Forcing a pretrial confinee to work with sentenced prisoners, however, has been held to be unlawful pretrial punishment. *United States v. Palmiter,* 20 M.J. 90 (C.M.A.1985); *United States v. Herrin,* 32 M.J. 983 (A.C.M.R.), *pet. denied,* 34 M.J. 20 (C.M.A.1991).

■ The question in this case is whether any condition of the appellant's pretrial confinement was intended by officials to be punishment or whether it was incident to some other legitimate government purpose. *See United States v. James,* 28 M.J. 214 (C.M.A. 1989) (adopting the standard of punishment enunciated in *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). In addition, failure to raise the issue "comes perilously close to inadequate representation by counsel." *See United States v. Cruz,* 25 M.J. 326, 330 (C.M.A.1987).[1]

■ In this case the trial defense counsel attempted during trial to raise the issue with the military judge. She was prevented from doing so, however, by his refusal to hear any evidence on the issue. Although he found the motion to be untimely, there is nothing in the record of trial to show the basis for that ruling. Case law clearly indicates that the issue should be raised at or before trial. If the military judge based his timeliness rationale on a local rule of court, such a rule should yield to the statutory standard of Article 13, UCMJ. *See United States v. Williams,* 23 M.J. 362 (C.M.A.1987); *United States v. Kelson,* 3 M.J. 139 (C.M.A.1977).

The military judge's decision not to consider the issue that trial defense counsel attempted to raise will be subjected to review for abuse of discretion. *See, e.g., United States v. Summerset,* 37 M.J. 695 (A.C.M.R. 1993); *United States v. Cole,* 31 M.J. 270

---

1. The issue that surfaced for the first time at trial could have been resolved earlier if the defense counsel had adequately investigated the conditions of confinement during her initial contacts with her client. Counsel has the obligation to seek relief from the illegal conditions of pretrial confinement while the accused is actually subject to those conditions. *See United States v. James,* 28 M.J. 214, 216 n. 4 (C.M.A.1989); *United States v. Walker,* 27 M.J. 878 (A.C.M.R.), *aff'd,* 28 M.J. 430 (C.M.A.1989).

(C.M.A.1990). The only basis mentioned by the judge for his decision concerned timeliness. It would have been a simple matter, however, to recess court for a short period of time to allow trial and defense counsel to determine whether there was a substantial violation of Article 13 that could be adequately documented in the record of trial through a stipulation of fact about the conditions of confinement. At a minimum, the military judge should have allowed the defense counsel adequate time to make a proffer concerning the alleged violation. Instead, he refused to allow the motion for Article 13 credit. A proffer would have revealed the extent of the alleged violation and given the military judge a basis for exercising his discretion in deciding whether to proceed further. The military judge's ruling against the appellant prevented a full review of the conditions of pretrial confinement while the credit could have benefitted the appellant. Thus, we find that the military judge abused his discretion in refusing to consider the motion on the issue.

Assuming that a violation of Article 13, UCMJ, occurred, we cannot determine the adequacy of administrative credit as a form of relief until we know the extent of the alleged violation.[2] Accordingly, the appellant's case should be returned for a limited hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), to determine if a violation occurred, and if so, the extent of the illegal pretrial punishment.

The record of trial is returned to The Judge Advocate General for remand to the same or a different convening authority for a hearing on the issue of illegal pretrial punishment. The convening authority may refer the record to a special court-martial authorized to impose a bad-conduct discharge for a limited hearing on the matter discussed above. The military judge will conduct the hearing hereby ordered and enter findings of fact and conclusions of law. At the conclusion of the proceedings, the record and an authenticated verbatim transcript of the hearing will be returned to The Judge Advocate General for further review by this court. If the convening authority determines that the hearing is impracticable, the convening authority may reassess the sentence, but may not approve a sentence including confinement, forfeiture of pay, or reduction in grade.

Senior Judge GRAVELLE and Judge MOGRIDGE concur.

---

2. A proffer or stipulation would have assisted our court in crafting a remedy that affected the approved sentence to confinement, forfeiture of pay, and reduction in grade.