UNITED STATES, Appellee,

v.

Private First Class Wilbert T. POLK, 263–79–0984, United States Army, Appellant.

ACMR 8700966.

U.S. Army Court of Military Review.

16 Dec. 1988.

---

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Kathleen A. VanderBoom, JAGC, Captain Kevin T. Lonergan, JAGC, Captain Gregory B. Upton, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken, JAGC (on brief).

Amicus Curiae on Specified Issue: Colonel J.V. Witt, JAGC, Major Charles A. Cosgrove, JAGC (on brief), for U.S. Army Trial Defense Service.

Before FELDER, GILLEY, and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Contrary to his pleas, a general court-martial consisting of commissioned officers and enlisted members found the appellant guilty of rape, assault consummated by battery,[1] kidnapping, and breaking restriction in violation of Articles 120, 128, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920, 928, and 934 (1982), respectively. The court-martial sentenced him to a dishonorable discharge, confinement for twenty years, total forfeiture of pay and allowances, and reduction to the grade of Private El. The convening authority approved the findings and the sentence except he approved confinement for only five years.

The appellant contends that he was denied effective assistance of counsel because "the government failed to appoint a substitute trial defense counsel to represent [him] during the post-trial phase because his trial defense counsel had left active duty." We return this case for a new opportunity for post-trial assistance of counsel and a new action on the narrower ground that the appellant did not receive effective post-trial assistance of counsel.

The appellant was convicted of the rape on the theory that he aided and abetted a Specialist Four (SPC) Hunter's rape of the kidnapping victim. Notably, the appellant had left the room before the alleged rape occurred. Further, SPC Hunter was found not guilty of kidnapping but guilty of the lesser included offense of assault consummated by a battery by hitting and holding the abducted victim while the appellant drove SPC Hunter's car to the scene of the alleged rape. In contrast to the appellant's sentence, SPC Hunter was sentenced to confinement for twelve months, total forfeitures, and reduction to Private El, but he was not sentenced to a punitive discharge.

Following announcement of the appellant's sentence on 30 April 1987, the trial defense counsel, Captain C, began terminal leave on 7 May 1987, with a scheduled release from active duty on 7 July 1987. Captain C's supervising officer states by affidavit that Captain C "indicated he would fulfill his post-trial duties even though he was soon to sever his relationship with the military." On 5 June 1987, SPC Hunter was convicted and sentenced. On 11 June 1987, the staff judge advocate in his recommendation stated that the appellant's confinement should be reduced to five years, in view of the sentence adjudged against the perpetrator of the rape.

---

1. After findings, the military judge found the assault consummated by battery and the kidnapping multiplicious for findings, and dismissed this Charge and its Specification.

The documents in this record do not show service of either the authenticated record of trial or the recommendation of the staff judge advocate on the appellant before the convening authority acted on the case, on 6 August 1987.[2] Further, substitute service of the record of trial and of the staff judge advocate's recommendation did not reach the trial defense counsel until 2 July 1987. The trial defense counsel's active duty ended on 7 July 1987; his response to the staff judge advocate's recommendation and other matters for the convening authority were not required until 12 July 1987. Manual for Courts–Martial, United States, 1984, Rules for Courts–Martial [hereinafter M.C.M., 1984, and R.C.M.] 1106(f)(3) and 1105(c)(1) (1987 amendment). On 23 July 1987, the then-former active duty trial defense counsel marked and signed a form that no comments, corrections, or rebuttal would be submitted under R.C.M. 1106(f)(4).

On 7 August, the appellant wrote a long, detailed letter to the convening authority, challenging (a) sufficiency of the evidence for conviction of rape and kidnapping, (b) adequacy of counsel in not having certain witnesses presented to the court-martial, (c) trial counsel conduct (apparently regarding not introducing all of the victim's statements), as well as (d) disparity of the sentences, even when the staff judge advocate's recommendation is considered.[3] In this letter, the appellant also requested clemency so he could support his children. According to a letter to appellant from the staff judge advocate, appellant's letter was not presented to the convening authority.

In determining whether a trial defense counsel who left active duty shortly after trial met the requirement for effectiveness, we must consider, in turn, the nature of those duties, whether the departed trial defense counsel could carry them out, and if so, whether he did so properly.

A.

■ Articles 38(c) and 60, UCMJ, 10 U.S. C. §§ 838(c), 860, and R.C.M. 502(d)(6) entitle an accused to advocate to the convening authority that he take favorable action on the case. In doing so, the appellant may have the assistance of his trial defense counsel or a substitute if the change is made for good cause. *See United States v. Iverson,* 5 M.J. 440, 441–42 (C.M.A.1978) (attorney for post-trial purposes commissioned as an advocate, not an amicus curiae); *United States v. Palenius,* 2 M.J. 86, 93 (C.M.A.1977). This duty carries significant responsibility because the convening authority is the most likely source of clemency. *See United States v. Bono,* 26 M.J. 240, 243 n. 3 (C.M.A.1988); *United States v. Goode,* 1 M.J. 3, 5 (C.M.A.1975).

The UCMJ and R.C.M. apportion counsel's duty into two significant parts. First, the defense counsel may submit matters to the convening authority regarding whether he should approve the sentence or disapprove any findings, which includes submitting a brief. Pertinently, "[d]efense counsel should discuss with the accused the right to submit matters to the convening authority and the powers of the convening authority in taking action on the case." R.C.M. 502(d)(6) discussion (E)(iii). Second, "defense counsel should examine [the staff judge advocate's post-trial recommendation] and reply promptly in writing, noting any errors or omissions." R.C.M. 502(d)(6) discussion (E)(v). Before submitting matters to the convening authority, defense counsel should discuss with the accused the right to submit matters to the convening authority and the power of the convening authority in taking action on a case. R.C.M. 502(d)(6).

■ As an advocate then, the defense counsel should present "pleas to the convening authority for modification or reduction of sentence if in his or *his client's*

---

2. A copy of the record of trial was served on the appellant on 2 October 1987.

3. Obviously, the appellant had at least knowledge of the staff judge advocate's recommendation, but the record does not document when he received the recommendation or the information contained therein. The letter appears to have been written before the appellant learned that the convening authority had acted on the results of his trial.

*judgment* such is appropriate or desirable." *United States v. Palenius*, 2 M.J. at 93 (emphasis added). Here, the appellant wanted numerous matters presented to the convening authority. Defense counsel should have done so for his client, after consulting with him about what should be presented. In this case, that consultation should have extended to the staff judge advocate's recommendation. *See United States v. Healy*, 26 M.J. 394, 396 (C.M.A. 1988) (Congress intended that clemency-oriented information reach convening authority before action).

### B.

 The Court of Military Appeals has expressed concern about fragmented representation that lightly substitutes a new counsel for the trial defense counsel who is, of course, most familiar with possible issues in the case. *United States v. Palenius*, 2 M.J. at 93; *see* M.C.M., 1984, Analysis of Rule for Courts–Martial 1106(f)(2), App. 21, A21–73 (1987 amendment). Accordingly, substitute counsel may be appointed only for "good cause." *United States v. Iverson*, 5 M.J. at 442 (but not for routine change of assignment, citing *United States v. Tellier*, 32 C.M.R. 323 (C.M.A. 1962)). This court has recognized that separation of military defense counsel from active duty constitutes good cause to sever the attorney-client relationship. *United States v. Lolagne*, 11 M.J. 556, 557 (A.C.M. R.1981). Further, counsel may be substituted for this reason even without contacting the original defense counsel to see whether he is available and willing to act. *United States v. Harris*, 8 M.J. 668, 671 (A.C.M.R.1979), *petition denied*, 9 M.J. 44 (C.M.A.1980). This rule has emerged in situations in which the trial defense counsel separated from active duty before service of the staff judge advocate's post-trial recommendation. *United States v. Zarate*, 5 M.J. 219 (C.M.A.1978) (summary disposition).

 But earlier cases have not involved the situation faced here, service of the post-trial recommendation on the trial de-

fense counsel after he was already on terminal leave (fifty-five days), and just five days before he ended his active duty service. We have no illusion that servicemembers on terminal leave, any more than those who have ended active duty, generally think they are required to perform military duties unless the terminal leave has been rescinded. Nevertheless, of course, we presume that a military lawyer who undertakes to represent a client will complete that professional obligation, or transfer it to another lawyer before he either begins his terminal leave or ends his active duty service. *See* Department of the Army Pamphlet 27–26, Legal Services: Rules of Professional Conduct for Lawyers, Rule 1.3, Comment (31 Dec. 1987) (lawyer should complete all matters undertaken for a client unless the lawyer clarifies, preferably in writing, that he has terminated the relationship). Moreover, a trial defense counsel who has been released from active duty may properly agree with the accused to continue in the case as his civilian counsel. *See United States v. Andrews*, 44 C.M.R. 219, 222 (C.M.A.1972).

The Army's Trial Defense Service (TDS) Standing Operating Procedure does not address this issue, but that agency relies on the supervising defense counsel to ensure a proper continuation of representation when a counsel is released from active duty.[4] Commitment by a military lawyer to provide post-trial representation while he is on terminal leave or after he has left active duty does achieve the desirable result of continuing representation for post-trial advocacy. This representation furthers the right to zealous representation by counsel pursuant to the sixth amendment of the Constitution. It also comports with a lawyer's duty should he clearly choose to undertake it. *See* Army Regulation 27–10, Legal Services: Military Justice, App. C, para. C–1 (18 March 1988) [hereinafter AR 27–10]; *cf. United States v. Palenius*, 2 M.J. at 93.

We have to determine, however, whether such representation would meet the right

---

4. TDS Amicus Curiae Brief at 4.

to detailed counsel. Article 27, UCMJ, 10 U.S.C. § 827, provides that "[t]rial counsel and defense counsel shall be detailed for each general and special court-martial," in a manner prescribed by Secretarial regulations. Further, Article 38(c) provides:

In any court-martial proceeding resulting in a conviction, the defense counsel—

(1) may forward for attachment to the record of proceedings a brief of such matters as he determines should be considered in behalf of the accused on review (including any objection to the contents of the record which he considers appropriate);

(2) may assist the accused in the submission of any matter under section 860 of this title (article 60); and

(3) may take other action authorized by this chapter.

The Army has provided that a detailed trial defense counsel has the primary duty of representing accused in courts-martial. AR 27–10, para. 6–3*h*. Based on these Codal provisions and their interpretation in *Palenius* and *Iverson*, post-trial duties of the trial defense counsel are included in the duty to represent the client until the appointment of appellate defense counsel. AR 27–10, App. C, para. C–3*a*. But the trial defense counsel "will not, without his or her own agreement, be retained on duty beyond a service appointment merely to maintain an existing relationship with respect to a particular case or client." AR 27–10, App. C, para. C–1*b* (2).

To meet these Codal and regulatory requirements, the Army must make available a defense counsel who is on active duty and is not on terminal leave. While a trial defense counsel who has begun terminal leave could, from the basis of professionalism, perform as counsel, Congress intended that counsel will be appointed who are available to devote full zeal to the duty to represent the accused. *Cf. United States v. Palenius*, 2 M.J. at 93. Moreover, the Army does not retain as counsel those who have left active duty. By granting termi-

nal leave, we conclude that the Army has removed from that counsel the primary duty of representing the accused. The accused should not have to assume the risk and entertain the doubt that one who has begun to focus on a significant transition in his life and progressed so far in making that transition maintains the zeal contemplated by the Code and implementing regulation to represent his interest properly. *Cf. United States v. Miller*, 2 M.J. 767, 768 (A.C.M.R.1976) (right to be represented by counsel is "basic to the military justice system"). Additionally, such counsel are realistically removed from the discipline of the military, have only an attenuated nexus with any state bar regarding possible dereliction in carrying out post-trial court-martial duties, and their dereliction may be difficult to discern.

■ Thus, this system of statute and regulation does not permit assigning this duty to a judge advocate on terminal leave or allow reliance on a presumption that a judge advocate will perform this duty while on terminal leave. This conclusion would also apply to cases in which the counsel would be on terminal leave before, or would leave active duty before, the R.C.M. 1106 response from the accused would be required. Accordingly, to fill this void, the Army should detail an available defense counsel to represent the accused when the trial defense counsel departs on terminal leave.

In any event, unless the accused knew he was waiving his right to have another counsel on active duty and not on terminal leave appointed for him for post-trial processing, Articles 27 and 38, UCMJ, would not be satisfied. Accused can always have civilian counsel represent them and intelligently waive their right to counsel under Article 27 and 38, UCMJ.[5]

### C.

■ In applying the standard of *Strickland v. Washington*, 466 U.S. 668, 104

---

5. *Cf.* AR 27–10, App. C, para. C–1(*b*)(2). We suggest that procedures be developed to ensure that the nature of the representation and rights regarding it during terminal leave or post-active

duty are specifically understood and agreed to by both the departing counsel and the appellant. Such procedures would be developed best by those responsible for providing legal services.

S.Ct. 2052, 80 L.Ed.2d 674 (1984), we find Captain C's representation incompetent and prejudicial to the appellant. *See United States v. Babbitt*, 26 M.J. 157, 158 (C.M.A. 1988); *United States v. Scott*, 24 M.J. 186, 187 (C.M.A.1987). The appellant had a number of significant matters he wanted to present to the convening authority regarding findings, appropriate sentence, and clemency. Counsel, however, appears simply to have failed to ascertain whether the appellant had matters to present. Otherwise, he would have presented them to the convening authority given the plausibility of the issues in this case; moreover, he had the duty to present them because the appellant wanted them brought to the attention of the convening authority. *See United States v. Palenius*, 2 M.J. at 93. Even regarding proportionality, the sentence of a dishonorable discharge and confinement of five years far exceeds in severity the adjudged twelve months of confinement and no discharge for the actual perpetrator of the rape, who was alone in the room with the victim when she was raped. This information was not presented in the staff judge advocate's recommendation.

Indeed, it appears that Captain C had no meaningful contact with the appellant from 7 May until Captain C checked a form on 12 July indicating that he had no matters to present in response to the staff judge advocate's recommendation. These issues should have been presented by counsel either as R.C.M. 1105 matters, in an Article 38(c) brief, or in an R.C.M. 1106 response to the staff judge advocate's recommendation. Issues of concern to the appellant should have been discussed with him and with his permission, refined, and made more cogent in written advocacy by Captain C or a successor defense counsel.

In testing for prejudice, we look at the nature of the violation and its impact on this case. We find the trial defense counsel's apparent failure to ascertain his client's concerns and his failure to present these plausible issues to the convening authority denied the appellant the right to the effective assistance of counsel provided him by the sixth amendment, Articles 27 and 38(c), UCMJ, and R.C.M. 502. Congress and the President established these rules to ensure competent advocacy before a convening authority acts on the results of courts-martial. *Cf. United States v. Scott*, 24 M.J. at 193 (deficient preparation by counsel casts doubt on the reliability of the adversarial testing process of the trial). Moreover, if raised to the convening authority, these matters plausibly might have had a significant impact on the findings, sentence, and possible clemency. *Cf. Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. at 2064 (counsel's errors caused the trial results to be unreliable).

We cannot say what action the convening authority would have taken on this case had counsel presented to him an Article 38(c) brief, R.C.M. 1105 material, or an R.C.M. 1106 response to the staff judge advocate's recommendation, with an appropriate addendum by the staff judge advocate. This case is factually complex, the conduct of both counsel was questioned by the appellant, and relative culpability could be argued effectively on both sides of the issue.[6] In view of this unpredictability and the remaining issues that should be developed regarding the trial defense counsel's effectiveness and trial counsel's conduct,[7] we will return this case for new representation by a defense counsel, subsequent processing by a staff judge advocate, and a new action by a convening authority. *Cf. United States v. Sales*, 22 M.J. 305, 307 (C.M.A.1986).[8]

The action of the convening authority, dated 6 August 1987, is set aside. The record of trial will be returned to The Judge Advocate General for appointment

---

6. For example, SPC Hunter's automobile was used by the appellant to bring the victim to the military post, and SPC Hunter's rape of the victim was the first objective of planned crimes.

7. We expect that the trial counsel's conduct will be addressed pursuant to Army procedures. Any information pertinent to this case should be provided to the defense counsel, convening authority, and this court.

8. Based on our decision, we will not address the other issues raised by the appellant unless they are again presented appropriately to this court.

of a new counsel for the appellant for submission of matters to the convening authority pursuant to Article 38(c), R.C.M. 1105(b), and R.C.M. 1106(f); to provide the defense counsel and the convening authority any pertinent matters regarding the effectiveness of the trial defense counsel and the conduct of trial counsel; for response by a staff judge advocate to submissions of the appellant, in accordance with R.C.M. 1106(d)(4); and for a new action by the same or a different convening authority in accordance with Article 60(c)–(e), UCMJ.

Senior Judge FELDER * and Judge GIUNTINI concur.