**UNITED STATES, Appellee,**

v.

**Private First Class Daniel ELIZONDO, Jr., 451–33–2343, United States Army, Appellant.**

**ACMR 8801805.**

U.S. Army Court of Military Review.

30 June 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Brian D. Di-Giacomo, JAGC, Captain Jon W. Stentz, JAGC (on brief).

For Appellee: Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before KANE, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Contrary to his pleas, the appellant was convicted of making and uttering worthless checks with the intent to defraud, in violation of Article 123a, Uniform Code of Military Justice [hereinafter UCMJ] 10 U.S.C. § 923a (1982). A general court-martial panel consisting of officer and enlisted members sentenced him to a bad-conduct discharge, confinement for twelve months, forfeiture of $200.00 pay per month for twelve months, and reduction to Private E1. Four of the six court-martial members recommended that the bad-conduct discharge and the confinement be suspended for one year.

In his recommendation to the convening authority, the staff judge advocate informed him that the court members recommended those suspensions but that they were not warranted due to the serious nature of the misconduct. Thirty-one days later, the staff judge advocate certified that though the record of trial and his recommendation had been served on the defense, no matters had been received from the accused or his counsel. On that date, the convening authority approved the findings of guilty and the sentence, and did not suspend any of the punishment.

The appellant contends, and the government agrees, that the appellant was denied effective representation of counsel during the post-trial phase of the court-martial. The Army sent the trial defense counsel on temporary duty to the course known as the Combined Arms and Services Course (CAS3) at Fort Leavenworth, Kansas. Though the appellant was probably geographically near his trial defense counsel at the time, from that counsel's affidavit provided to us, the Army realistically changed the trial defense counsel's primary duty from representing the appellant. Counsel was simply rendered unable to provide appropriate advocacy in this case. Accordingly, another counsel should have been appointed to provide the post-trial advocacy appropriate for this case. *See United States v. Polk*, 27 M.J. 812, 816 (A.C.M.R. 1988). *Cf. United States v. Iverson*, 5 M.J. 440, 442 (C.M.A.1978).

The action of the convening authority, dated 17 November 1988, is set aside. The record of trial is returned to The Judge Advocate General for appointment of the same or a different trial defense counsel for the appellant for submission of matters to the convening authority pursuant to Article 38(c), UCMJ, 10 U.S.C. 838(c), and Manual for Courts–Martial, United States, 1984, Rules for Courts–Martial 1105(b) and 1106(f); for response by a staff judge advocate to submissions of the appellant in accordance with Rule for Courts–Martial 1106(d)(4); and for a new action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ, 10 U.S.C. § 860(c)–(e).

Senior Judge KANE and Judge GIUNTINI concur.