UNITED STATES, Appellee,

v.

**Staff Sergeant Noble HARRIS, 256–17–0940, United States Army, Appellant.**

ACMR 8801579.

U.S. Army Court of Military Review.

28 Feb. 1990.

Reconsideration Denied March 30, 1990.

---

For Appellant: Chuck R. Pardue, Martin J. Sendek, Captain Timothy P. Riley, JAGC, Captain Ralph L. Gonzalez, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC Lieutenant Colonel Daniel J. Dell 'Orto, JAGC, Major Martin D. Carpenter, JAGC, Major Kathryn F. Forrester, JAGC, Captain George R. Johnson, JAGC, Lieutenant Colonel Richard A. Gallivan, JAGC USAR (on brief).

Before FOREMAN, SMITH and VARO, Appellate Military Judges.

## OPINION OF THE COURT

VARO, Judge.

Contrary to his pleas, the appellant was convicted by a general court-martial composed of officers and enlisted members of one specification of distribution of cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. I 1983). His approved sentence provides for a dishonorable discharge, reduction to Private E1, total forfeitures, and confinement for eight years.

The appellant contends that he was denied effective assistance of counsel in preparing a post-trial submission pursuant to Manual for Courts–Martial, United States, 1984, Rule for Courts Martial 1105 [hereinafter R.C.M.]. In determining the adequacy of post-trial representation in this case we will apply the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and made applicable to military courts-martial by *United States v. Scott*, 24 M.J. 186, 188 (C.M.A.1987).

In the case at bar, at the close of the court-martial, the military judge asked

whether civilian or military trial defense counsel would be responsible for reviewing the record of trial and making any submission under R.C.M. 1105. The military trial defense counsel advised the military judge that the decision had not yet been made. However, the civilian trial defense counsel immediately told the military judge that the responsibility would rest with the military trial defense counsel unless the appellant decided to retain him to work on his appellate rights.

In an affidavit dated 14 July 1989, the military trial defense counsel states he understood that the lead civilian defense counsel on the case had received some documents but could not locate them. He further states that he told the appellant and the appellant's wife to gather letters supporting clemency by 22 September 1988 for use in the post-trial submission. In his January 1990 statement, the military trial defense counsel reiterates the fact that he gave these instructions, and specifically states that he assumed responsibility for preparation of the post-trial submission to the convening authority.

The appellant's submission to this court contains several certificates, awards, and efficiency reports which the appellant received during his eleven years of service. These documents were not submitted at trial or post-trial pursuant to R.C.M. 1105. Most of the letters are dated in August 1988, after the trial but before action by the convening authority, and include submissions from the appellant's superiors and co-workers which attest to his overall fine character and job performance. The military trial defense counsel states he did not receive any items from the appellant and that he made a submission pursuant to R.C.M. 1105(b) based on both legal and clemency grounds without attachments. We find that the appellant's submissions before this court contain material which could have resulted in clemency had it been considered by the convening authority prior to action.

 Under *Strickland*, for the appellant to be successful in his assertion of inadequate representation, he must first show that his counsel's representation was deficient and then, that such deficiency worked to his detriment. A trial defense counsel's responsibilities do not cease at the end of a trial. R.C.M. 1105, 1106. A trial defense counsel has responsibility to review a case after trial and to bring forth all legal issues and clemency matters which may assist his client. Further, it is well-settled that a soldier convicted by court-martial must receive adequate and appropriate representation throughout the entire appellate process. *United States v. De-Grocco*, 23 M.J. 146, 148 n. 4 (C.M.A.1987); *United States v. Davis*, 20 M.J. 1015 (A.C. M.R.1985); *United States v. Palenius*, 2 M.J. 86 (C.M.A.1977). The actions by the military trial defense counsel in this case were not egregious failings to provide basic guidance as in *Palenius*, and we agree with the government assertion that the trial defense counsel was correct in seeking the assistance of the appellant in preparing any post-trial submission. However, it is the responsibility of the trial defense counsel, not the client, to determine and gather appropriate materials for such submissions. In this case, the trial defense counsel improperly shifted his responsibility to the appellant and his wife, and took insufficient steps to ensure that all available materials were presented.

 Applying both prongs of *Strickland*, we hold that the post-trial assistance was deficient and resulted in an incomplete R.C.M. 1105 submission to the prejudice of the appellant. The convening authority took action without the benefit of reviewing items relevant to the appropriateness of the sentence.[1]

The action of the convening authority is set aside. The record of trial will be re-

1. We have not considered the other errors raised by the appellant because we do not, absent adequate post-trial representation, have before us proper findings and sentence approved by the convening authority. The staff judge advocate is not precluded from discussing those assignments of error in his recommendation to the convening authority. *See generally*, United States v. Evans, 49 C.M.R. 674 (A.C.M.R.1974).

turned to The Judge Advocate General for a new action by the same or different convening authority.

Senior Judge FOREMAN and Judge SMITH concur.