**UNITED STATES, Appellee,**

v.

**Staff Sergeant Kevin G. GARNER, 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, United States Army, Appellant.**

**ACMR 9002008.**

U.S. Army Court of Military Review.

3 Jan. 1992.

For Appellant: Captain Alan M. Boyd, JAGC, Captain Robin N. Swope, JAGC, Captain Michael W. Meier, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Kenneth T. Grant, JAGC, Captain Samuel J. Smith, Jr., JAGC (on brief).

Before NAUGHTON, HOWELL and JOHNSTON, Appellate Military Judges.

OPINION OF THE COURT

NAUGHTON, Senior Judge:

Following mixed pleas, a military judge sitting as a general court-martial convicted

the appellant of an indecent act with a female under sixteen years of age, communicating a threat, indecent exposure, breaking restriction (two specifications), failure to repair, and forcible sodomy with a child under sixteen years of age, in violation of Articles 134, 86, and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 886, and 925 (1982). The appellant was sentenced to a dishonorable discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority reduced the total forfeitures to forfeiture of $500.00 pay per month for six years, and otherwise approved the adjudged sentence.[1]

The appellant contends that by failing to take any action, in over three months, towards assisting him in presenting post-trial matters to the convening authority, his trial defense counsel denied the appellant effective post-trial assistance.

At trial both a civilian defense counsel and an individually requested military trial defense counsel represented the appellant. As the court-martial was concluding, the following colloquy occurred between the military judge, the civilian defense counsel, and the trial counsel:

MJ: Who will represent the accused in the post-trial phase of the case?

CDC: That's not been determined, Your Honor, but I will continue until instructed otherwise.

MJ: Very well. Trial counsel, would you see that a copy of the record of trial for authentication is served on the civilian defense counsel, and also the Staff Judge Advocate's recommendation be sent to him.

TC: Yes, sir.

MJ: If you do not—are not going to represent the accused in the post-trial phase, please by letter advise the Staff Judge Advocate of that?

CDC: Yes, sir. You'll have that before the record is ready.

The record reflects that the military trial defense counsel (CPT X) and the civilian defense counsel examined the record of trial on 9 September 1990 and 26 September 1990, respectively. On 1 October 1990, CPT X was contacted about service of the post-trial recommendation. She stated that the civilian defense counsel would be handling those matters. On 3 October 1990, the civilian defense counsel stated that he had not been paid to handle post-trial matters and refused to submit any post-trial matters. CPT X initially refused to handle the post-trial matters and on 4 October 1990 was instructed to do so by the Regional Defense Counsel.

CPT X was provided a copy of the post-trial recommendation on 5 October 1990. CPT X advised the Chief of Criminal Law, 2d Armored Division, that she wanted to read the record of trial before responding. At this time, CPT X was also on orders to deploy to Saudi Arabia. CPT X refused to accept a copy of the record of trial as she prepared to deploy to Saudi Arabia because she did not have room for the three volume record. The record of trial was sent by registered mail on two occasions to CPT X who acknowledged she had received the record during the first week in December. In a subsequent conversation with the Chief of Criminal Law, CPT X stated she could not complete her post-trial submissions because she did not have a copy of the post-trial recommendation. A copy of the post-trial recommendation was faxed to CPT X, but she claims she never received it. On 4 January 1991, CPT X informed the Chief of Criminal Law that she had not yet submitted matters though it was her intention to do so.

CPT X has provided an affidavit which reflects that she was stationed in Saudi Arabia in support of Operation Desert Storm. She states that she received the post-trial materials in appellant's case long after they had been mailed to her from the United States. CPT X states that there

---

1. We note that the convening authority, in taking action on this case, approved, *inter alia,* "forfeiture of $500.00 pay per month for six years." Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [herein- after R.C.M.] 1003(b)(2) provides "[u]nless a total forfeiture is adjudged, a sentence to forfeiture shall state the exact amount in whole dollars to be forfeited *each month."* [Emphasis added].

were substantial problems with the mail service in Saudi Arabia, but that she did prepare post-trial matters and had them mailed by someone to the convening authority for his consideration.

On 8 January 1991, the appellant submitted a letter to the convening authority requesting an additional thirty days to submit post-trial matters because of the situation with his defense counsel. This letter indicated that the appellant would have submitted other matters to the convening authority, *e.g.*, letters of support from his family, his fiancee, and members of the staff at the United States Disciplinary Barracks (USDB). The appellant also stated that CPT X had never contacted him. The convening authority, after considering the appellant's letter and a letter of support from a member of the staff at the USDB, took action on the appellant's case on 11 January 1991.

The adequacy of post-trial representation is determined by applying the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *United States v. Harris*, 30 M.J. 580, 582 (A.C.M.R.1990), this Court held:

> Under *Strickland*, for the appellant to be successful in his assertion of inadequate representation, he must first show his counsel's representation was deficient and then, that such deficiency worked to his detriment. A trial defense counsel's responsibilities do not cease at the end of a trial. R.C.M. 1105, 1106. A trial defense counsel has responsibility to review a case after trial and to bring forth all legal issues and clemency matters which may assist his client. Further, it is well-settled that a soldier convicted by court-martial must receive adequate and appropriate representation throughout the entire appellate process. *United States v. DeGrocco*, 23 M.J. 146, 148 n. 4 (C.M.A. 1987); *United States v. Davis*, 20 M.J. 1015 (A.C.M.R.1985); *United States v. Palenius*, 2 M.J. 86 (C.M.A.1977).... [I]t is the responsibility of the trial de-

fense counsel, not the client, to determine and gather appropriate materials for such [post-trial] submissions.

*See also, United States v. Martinez*, 31 M.J. 524 (A.C.M.R.1990).

In this case it is clear that once the civilian defense counsel stated he was not going to perform the post-trial duties, and the Regional Defense Counsel instructed the individually requested military trial defense counsel to handle the post-trial matters, she was obligated to perform them in a competent manner.[2] One of the defense counsel's principal duties is to prepare submissions to the convening authority seeking favorable action on the appellant's case. This is a "significant responsibility because the convening authority is the most likely source of clemency." *United States v. Polk*, 27 M.J. 812, 814 (A.C.M.R. 1988), *reversed*, 32 M.J. 150 (C.M.A.1991) (citing *United States v. Bono*, 26 M.J. 240, 243 n. 3 (C.M.A.1988) and *United States v. Goode*, 1 M.J. 3, 5 (C.M.A.1975)). At a minimum, she should have advised her supervisors in the Trial Defense Service that she could not complete her post-trial duties before she deployed from Texas to Saudi Arabia. Additionally, if she was having problems (*e.g.*, with the mail while stationed in Saudi Arabia, or because of matters related to her overseas assignment in a combat zone) or could not perform or complete such duties she should have informed her supervisor.

On the one hand, we can determine that CPT X never contacted the appellant or took any action over a three-month period to assist the appellant in presenting post-trial matters to the convening authority. On the other hand, we cannot determine from the record whether CPT X's post-trial submissions were ever received by the convening authority, whether the submissions were in fact mailed from Saudi Arabia, whether the submissions got "lost" in the mail, or whether this is a case of wholly inadequate post-trial representation.

---

**2.** Section E of the Discussion to R.C.M. 502(d)(6) addresses the post-trial responsibilities of the trial defense counsel.

Even accepting CPT X's version of the events, we find, under the circumstances of the case, there is a fair risk that the appellant did not receive the post-trial assistance of counsel to which he was entitled. Contrary to the assertions of the Government, we also find that there is a fair risk that the appellant suffered prejudice in this regard.[3] We are satisfied that both prongs of *Strickland* have been met.

The action of the convening authority, dated 11 January 1991, is set aside. The record of trial will be returned to The Judge Advocate General for a new action by the same or a different convening authority in accordance with Article 60(c)–(e), Uniform Code of Military Justice, 10 U.S.C. § 860(c–e).[4]

Judge HOWELL and Judge JOHNSTON concur.

---

3. As in *Harris*, 30 M.J. at 582 n. 1, we have not considered the remaining errors raised by the appellant and his appellate defense counsel because we do not, absent adequate and effective post-trial representation, have before us proper findings and sentence approved by the convening authority. We note that the staff judge advocate is not precluded from discussing those assertions of error in his recommendation to the convening authority. *See generally, United States v. Evans*, 49 C.M.R. 674 (A.C.M.R.1974).

4. A new defense counsel will be appointed to assist the appellant and to prepare any post-trial submissions.