**UNITED STATES, Appellee,**

v.

**Private First Class Nathaniel C. HAWKINS, 171–64–2297, United States Army, Appellant.**

**ACMR 9003311.**

U.S. Army Court of Military Review.

31 March 1992.

For Appellant: Captain Michael P. Moran, JAGC, Captain Teresa L. Norris, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Kenneth T. Grant, JAGC (on brief).

Before JOHNSON, WERNER, and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

Contrary to his pleas, the appellant was convicted by a military judge sitting as a general court-martial of wrongful distribution of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1982 and Supp. V 1987) [hereinafter UCMJ]. The convening authority approved the sentence of a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to Private E1.

The appellant asserts through appellate counsel that the evidence is insufficient to support the findings of guilty in this case and also raises a number of errors pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). These *Grostefon* errors include allegations of ineffective assistance of counsel during trial and also during the post-trial processing of the case. As an initial consideration in this case, one of these ineffectiveness issues requires our attention. The appellant asserts his defense counsel provided ineffective assistance of counsel regarding his post-trial representation of the appellant. We disagree. However, we believe that some corrective action is warranted to resolve post-trial processing questions in this case.

### I.

The appellant was convicted on 10 December 1990, at Kitzingen, Germany. Thereafter, the defense counsel was alerted for deployment to Saudi Arabia. On 20 December, prior to his deployment, the defense counsel prepared a two-page clemency petition on behalf of the appellant. The petition asks that the confinement be reduced to six months because of the appellant's strong rehabilitative potential and good military record.

Later, after his transfer to the U.S. Army Correctional Brigade at Fort Riley, Kansas, the appellant attempted to contact the defense counsel in Europe, but was told the counsel was in Saudi Arabia. Not knowing how to proceed with submitting additional clemency matters he wanted to present to the convening authority, the appellant wrote a two-page letter directly to the convening authority. It is postmarked 5 February 1991. In it, the appellant asked that his discharge be upgraded and that the forfeitures not be approved because he had just married and his wife was undergoing medical problems pertaining to her pregnancy that required her hospitalization. He asked for clemency on behalf of his wife and family.[1]

When the convening authority's office received the appellant's letter, it was forwarded to the local supervising senior defense counsel. The senior defense counsel on 4 March 1991, sent a letter to the appellant acknowledging receipt of the letter and restating that the appellant's defense counsel was in Saudi Arabia, that the defense counsel had prepared a clemency petition, and that the record of trial and the staff judge advocate's post-trial recommendation had been forwarded to the defense counsel in Saudi Arabia. Without entering into an attorney-client relationship with the appellant, the senior defense counsel made it clear that he was monitoring the appellant's case, and that the appellant's personal letter would be sent with the clemency petition to the convening authority once the defense counsel reviewed and responded to the post-trial recommendation.

The record, supplemented by a recent affidavit from the staff judge advocate, indicates that the record of trial and post-trial recommendation were forwarded to the defense counsel in Saudi Arabia on 11

---

1. Contrary to his letter asking for clemency, the appellant was not married when he wrote to the convening authority. According to his affidavit alleging ineffective assistance of counsel, the appellant actually married on 31 May 1991, three months after the date of his clemency letter and three weeks after the convening authority took action in the case.

February 1991 and that he received the documents there sometime prior to 6 May. The defense counsel signed an undated receipt for the documents, and on 6 May, the staff judge advocate received the signed receipt. The undated receipt did not indicate whether the defense counsel intended to submit matters in rebuttal to the recommendation. The convening authority, apparently without clarifying the defense counsel's intent, took action on the case the next day (7 May).

Prior to taking action, the convening authority considered the clemency petition and the appellant's personal plea for clemency. The convening authority's initials and "noted" are subscribed on each document.

On the same day as the staff judge advocate forwarded a copy of the recommendation and copy of the record of trial to the defense counsel (11 February), he forwarded similar copies by certified mail to the appellant at Fort Riley. The appellant receipted for the documents there on 11 April 1991.

In the first of two affidavits presented to this court supporting his personal assignment of error regarding ineffective assistance, the appellant asserts that he was unable to contact his defense counsel, didn't know where or how to submit clemency matters, and wanted to inform the convening authority of the fact that he was recently married and that his wife was experiencing medical problems with her pregnancy requiring inpatient treatment. In a second affidavit, the appellant belatedly asserts that he was not advised of the ten-day period for rebutting matters in the post-trial recommendation, that he would have submitted medical evidence that his wife was pregnant, and would have asked his defense counsel to raise an issue of sufficiency of the evidence because of a flawed chain of custody.[2]

The trial defense counsel has filed an affidavit with this court responding to the appellant's allegations of ineffective assist-

ance of counsel *during the trial.* The defense counsel does not address the allegation of ineffective *post-trial* assistance in his affidavit, so the affidavit is not helpful in clarifying his post-trial interaction with the appellant or his intentions regarding possible rebuttal of matters in the post-trial recommendation.

## II.

■ A servicemember's right to effective post-trial representation of counsel is based on the Sixth Amendment and standards set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Garner,* 34 M.J. 575 (A.C.M.R.1992); *United States v. Martinez,* 31 M.J. 524 (A.C.M.R.1990); *United States v. Harris,* 30 M.J. 580 (A.C.M.R. 1990); *United States v. Dorsey,* 30 M.J. 1156 (A.C.M.R.1990). *See also United States v. Calderon,* 34 M.J. 501, 503 n. 4 (A.F.C.M.R.1991). In order to show ineffective assistance of counsel under *Strickland,* the appellant must show: (1) counsel's representation was deficient; and, (2) the deficient representation worked to his detriment. *Strickland,* 466 U.S. 668, 104 S.Ct. 2052; *Harris,* 30 M.J. at 582.

Article 60, UCMJ, 10 U.S.C. § 860 provides in pertinent part that:

(b)(1) the accused may submit to the convening authority matters for consideration by the convening authority with respect to the findings and the sentence.... Such a submission shall be made within 10 days after an accused has been given an authenticated record of trial and, if applicable, the recommendation of the staff judge advocate or legal officer under subsection (d).

. . . .

(d) The recommendation of the staff judge advocate or legal officer shall ... be served on the accused, who may submit any matter in response under subsection (b). Failure to object in the response to the recommendation or to any matter

---

**2.** We note that this last issue is the same general issue raised by the appellate defense counsel

before this court.

attached to the recommendation waives the right to object thereto.

The Manual for Courts–Martial elaborates on the requirements of Article 60, UCMJ, and the duties of the trial defense counsel with respect to these requirements. Two of the important duties of a defense counsel in representing a servicemember after trial are: (1) preparing and submitting—or assisting a convicted servicemember in preparing and submitting—post-trial clemency matters and "allegations of errors affecting the legality of the findings or sentence," under R.C.M. 1105;[3] and, (2) reviewing the staff judge advocate's post-trial recommendation and providing corrections or rebuttal pursuant to Article 60(d), UCMJ, and R.C.M. 1106(f)(4). Failure to submit comments on the post-trial recommendation within ten days of service of the recommendation constitutes waiver of errors therein, absent plain error. R.C.M. 1106(f)(5) and (6). In the absence of waiver of the ten-day period, the convening authority cannot take action until after that period has expired. R.C.M. 1107(b)(2).

■ Likewise, military case law elaborates on the servicemember's right to meaningful post-trial representation and on the defense counsel's duties after trial. Following trial, a defense counsel must remain active until substitute counsel is appointed or until appellate counsel is active in the case and a new attorney-client relationship is established. *United States v. Iverson*, 5 M.J. 440 (C.M.A.1978); *United States v. Palenius*, 2 M.J. 86 (C.M.A.1977); *United States v. Polk*, 27 M.J. 812 (A.C.M.R.1988), *rev'd on other grounds*, 32 M.J. 150 (C.M.A.1991). The defense counsel's duties do not cease at the end of trial and the defense counsel "has responsibility to review a case and to bring forth all legal issues and clemency matters which may assist his client." *United States v. De-Grocco*, 23 M.J. 146, 148 n. 4 (C.M.A.1987); *United States v. Jackson*, 34 M.J. 783, 785 (A.C.M.R.1992); *Harris*, 30 M.J. at 582.

■ The right to continued representation of counsel cannot be arbitrarily terminated for administrative convenience prior to completion of the staff judge advocate's post-trial review of the case. *Iverson*, 5 M.J. 440; *United States v. Curtis*, 6 M.J. 48 (C.M.A.1978) (summary disposition); *United States v. Barnes*, 6 M.J. 50 (C.M.A. 1978) (summary disposition). However, if good cause exists, the original attorney-client relationship can be terminated and substitute counsel appointed. *Iverson*, 5 M.J. 440; *United States v. Jeanbaptiste*, 5 M.J. 374 (C.M.A.1978). "Good cause" includes separation of the trial defense counsel from the service prior to completion of the convening authority's action. *United States v. Zarate*, 5 M.J. 219 (C.M.A.1978) (summary disposition); *United States v. Davis*, 5 M.J. 451 (C.M.A.1978). And, "good cause" can include situations where the defense counsel is on terminal leave preparatory to separation from service. *Polk*, 27 M.J. at 816. Good cause does not include reassignment of the defense counsel, even to a distant location. *Iverson*, 5 M.J. at 442; *United States v. Tellier*, 32 C.M.R. 323 (C.M.A.1962); *Polk*, 27 M.J. at 815.[4]

### III.

■ In the present case, the defense counsel prepared a clemency petition on behalf of the appellant. That petition was supplemented by the appellant's own articulate plea for clemency. Even though the

---

3. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1105 [hereinafter R.C.M.].

4. The facts of the case before us and those of *United States v. Garner*, 34 M.J. 575 (A.C.M.R. 1992), point up the problems of maintaining a post-trial attorney-client relationship under the rapid deployment conditions that are characteristic of today's Army in wartime. We need not decide in this case if wartime conditions are sufficient "good cause" for appointment of substitute counsel to represent the appellant's interests after trial, although an argument can be made for it. Here, communications were bad: it took almost three months for the record and recommendation to reach the defense counsel in Saudi Arabia and for a response, albeit ambiguous, to reach the staff judge advocate. This is not particularly surprising since the defense counsel and convening authority—and appellant—were physically separated to the point that each was located on a different continent.

defense counsel was unavailable to provide additional assistance the senior defense counsel (not acting as substitute counsel and without entering into an attorney-client relationship with the appellant) commendably monitored the case and insured that the clemency matters were properly submitted to the convening authority.[5]

With regard to the defense counsel's duty of reviewing the staff judge advocate's post-trial recommendation, we note that there is evidence the defense counsel received the record of trial and recommendation in Saudi Arabia. The defense counsel's undated receipt for the documents gives no indication if he reviewed the materials or wished to submit a rebuttal. Nor do we now have anything before us that answers these questions. Further, there is no evidence that the convening authority, in the face of an ambiguous response, waited ten days after service of the recommendation on the defense counsel before taking action in the case.

We find that, under the circumstances, the defense counsel provided sufficiently effective post-trial representation under the two-prong test of *Strickland*.[6] However, under the circumstances, we doubt that the letter and spirit of *Palenius* and of Article 60, UCMJ, has been satisfied in this case. While the appellant's eleventh-hour assertion by affidavit that he would have asked his defense counsel to raise a legal issue of sufficiency of the evidence is somewhat suspect, nevertheless his affidavit is unrebutted and we will accept it at face value.[7] Because the appellant has asserted

an error that he says he wanted his defense counsel to submit, the present case is distinguished from such cases as *United States v. Curry*, 31 M.J. 359 (C.M.A.1990), *Calderon*, 34 M.J. 501, and *United States v. Evans*, 31 M.J. 927 (A.C.M.R.1990).

In addition to the issue raised by the appellant's affidavit, there remains a number of unanswered questions and ambiguities regarding the post-trial processing in this case. These unanswered questions raise for us—for want of a better term—"cumulative doubt" that the appellant was afforded a full opportunity to present matters to the convening authority prior to his action on the case. We will therefore provide the appellant with a new opportunity unencumbered by the doubts surrounding the post-trial processing of this case.[8]

The action of the convening authority dated 7 May 1991 is set aside. The record of trial will be returned to The Judge Advocate General for a new action by the same or a different convening authority in accordance with Article 60 (c)–(e), UCMJ.

Senior Judge JOHNSON and Judge WERNER concur.

---

5. The appellant's misstatement as to his marital status at the time of writing his clemency letter and at the time of the convening authority's action actually worked to his benefit in bringing his "family situation" to the convening authority's attention prior to his action in the case.

6. Had the defense counsel not prepared a clemency petition, had appellant not resorted to "self-help" in sending his letter of clemency directly to the convening authority, and had the senior defense counsel not alertly monitored this case, it is doubtful that the appellant's clemency matters would have been presented to the convening authority. Except for those circumstances, we would have found ineffective post-trial assistance of counsel in this case. The law makes no exception for wartime conditions,

such as here, and the defense counsel, or a substitute accepted by the appellant, must be available to perform post-trial duties under standards set by *Strickland.*

7. *See United States v. Peacock*, 19 M.J. 909 (A.C.M.R.), *pet. denied*, 20 M.J. 205 (C.M.A.1985) and cases cited therein, holding that a self-serving, credible, affidavit from an appellant, although self-serving, was sufficient to shift the burden of disproving its content "beyond the point of equipoise or inconclusiveness."

8. If it be necessary to address the remaining issues in this case, the appropriate time is after a new recommendation and action has been accomplished. *Garner*, 34 M.J. at 578 n. 3; *Harris*, 30 M.J. at 582 n. 1.