CORRECTED COPY

 UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 GALLUP, CHIARELLA, and MAGGS
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1[1] DEAN R. GUAY, JR.
 United States Army, Appellant

 ARMY 20071066

 Headquarters, 1st Infantry Division and Fort Riley
 John Saunders, Military Judge
 Colonel Scott W. Arnold, Staff Judge Advocate

For Appellant: Colonel Christopher J. O’Brien, JA; Lieutenant Colonel
Steven C. Henricks, JA; Major Teresa L. Raymond, JA; Captain Eugene Ham, JA
(on brief).

For Appellee: Major Elizabeth G. Marotta, JA; Captain Michael C. Friess,
JA; Captain James T. Dehn, JA (on brief).

 26 June 2008

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------
Per Curiam:

 Appellant asserts, inter alia, he is entitled to a new staff judge
advocate’s (SJA) post-trial recommendation (SJAR) and action because his
trial defense counsel failed to request the convening authority defer and
waive automatic forfeitures, consistent with the military judge’s clemency
recommendation. We agree.[2]

 In the sentencing phase of appellant’s court-martial, trial defense
counsel presented evidence of the financial hardship that would result to
those family members that appellant was then supporting. He also argued
for no adjudged forfeitures and requested a recommendation from the
military judge for waiver of automatic forfeitures. Consistent with the
trial defense counsel’s requests, the military judge adjudged a sentence
which did not include adjudged forfeitures and recommended that the
convening authority both defer and waive automatic forfeitures to the
extent allowed by law. Trial defense counsel, however, did not call this
recommendation to the attention of the convening authority and did not ask
the convening authority to defer or waive forfeitures. Appellant alleges
that his trial defense counsel was ineffective because of these omissions.

 Although we do not conclude trial defense counsel was ineffective, we
do nonetheless find there was error in the post-trial handling of
appellant’s case because we are not convinced appellant was “afforded a
full opportunity to present matters to the convening authority prior to his
action on the case.” United States v. Hawkins, 34 M.J. 991, 995 (A.C.M.R.
1992). To prevail on an allegation of post-trial error, appellant must
assert prejudice as a result of the error. United States v. Wheelus, 49
M.J. 283, 288 (C.A.A.F. 1998). In matters affecting the convening
authority’s post-trial decision to grant clemency, “there is material
prejudice to the substantial rights of an appellant if there is an error
and the appellant ‘makes some colorable showing of possible prejudice.’”
Id. at 289 (quoting United States v. Chatman, 46 M.J. 321, 323-24 (C.A.A.F.
1997)).

 Under the facts of this case, we find that appellant has demonstrated
a “colorable showing of possible prejudice.” See Wheelus, 49 M.J. at 289.
Consequently, we will exercise our considerable discretion and set aside
the convening authority’s action and require a new SJAR and action.[3]

 CONCLUSION

 Accordingly, the action of the convening authority, dated 16 January
2008, is set aside. The record of trial will be returned to The Judge
Advocate General for preparation of a new action by the same or a different
convening authority in accordance with Article 60(c)-(e), UCMJ.

 FOR THE COURT:

 MARY B. CHAPMAN
 Deputy Clerk of Court
-----------------------
[1] Corrected
[2] While the government argues that appellant was not entitled to a waiver
of automatic forfeitures, as he did not produce any documentation to show
that he had a qualifying dependent, having a qualified dependent is not
also a prerequisite to obtaining a deferment of automatic forfeitures.
Thus, at a minimum, the convening authority could have approved a deferment
of appellant’s automatic forfeitures if defense counsel had presented such
a request to him.
[3] This will give appellant the opportunity to request retroactive
deferment of his forfeiture of pay and allowances. See United States v.
Nicholson, 55 M.J. 551, 552 n.4 (Army Ct. Crim. App. 2001); United States
v. Williams, 55 M.J. 302, 306 (C.A.A.F. 2001).