# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist NICHOLAS B. WATKINS**
**United States Army, Appellant**

ARMY 20110040

U.S. Military Entrance Processing Command
Gregory A. Gross, Military Judge
Lieutenant Colonel James J. Gibson, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Meghan M. Poirier, JA (on brief).

For Appellee:  Major Amber J. Roach, JA; Captain Chad M. Fisher, JA; Captain Ryan D. Pyles, JA (on brief).

30 May 2012

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of failure to obey a lawful order, and six specifications of larceny, in violation of Articles 92 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 921 (2006) [hereinafter UCMJ].  Appellant was sentenced to a bad-conduct discharge, confinement for eleven months, and reduction to the grade of E-1.  The convening authority approved only so much of the sentence as provides for a bad-conduct discharge, confinement for eight months, and reduction to the grade of E-1.

Appellant's case is now before this court for review under Article 66, UCMJ.  Appellant raises one assignment of error, alleging ineffective assistance of counsel and arguing a new review and action must be ordered in this case because his defense counsel failed to submit a request to the convening authority for deferral of

automatic forfeitures. We need not address the issue of ineffective assistance of counsel; a new review and action is required under these circumstances.

In a Post-Trial and Appellate Rights form, appellant specifically asked his defense counsel to submit a request for deferral of automatic forfeitures to the convening authority. Appellant expressed great concern for the care and support of his wife and child, both during his trial and in his post-trial clemency submissions. However, the defense counsel failed to actually request deferral of automatic forfeitures.

In light of the defense counsel's error, appellant argues that he did not receive constitutionally adequate representation during the post-trial process. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Lee*, 52 M.J. 51, 52 (C.A.A.F. 1999). Although appellant casts his argument as one of ineffective assistance of counsel, this court has also afforded relief without reaching this constitutional issue where an accused is deprived of the right to "a full opportunity to present matters to the convening authority prior to his action on the case." *United States v. Fordyce*, 69 M.J. 501, 504 (Army Ct. Crim. App. 2010) (quoting *United States v. Hawkins*, 34 M.J. 991, 995 (A.C.M.R. 1992)). In this case, appellant was deprived of exactly that opportunity. Despite his expressed desire to request a deferral of automatic forfeitures, no such request was submitted to the convening authority, and nothing in the record establishes that the convening authority's actions in this case could be considered a denial of such. Under the facts of this case, we are unable to say with any certainty that the convening authority would not have granted this request if it had been submitted. *See United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (requiring only "some colorable showing of possible prejudice" for errors connected with a convening authority's post-trial review).

Accordingly, the convening authority's initial action is set aside. The record of trial is returned to The Judge Advocate General for a new SJAR and action by the same or a different convening authority in accordance with Article 60(c)–(e), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court