# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 KEITH D. VALENCIA**
**United States Army, Appellant**

ARMY 20090381

Headquarters, Fort Stewart
Tara A. Osborn, Military Judge (arraignment)
Kirsten Brunson, Military Judge (trial)
Colonel Jonathan C. Guden, Staff Judge Advocate (pretrial)
Lieutenant Colonel Shane E. Bartee, Staff Judge Advocate (post-trial)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Matthew T. Grady, JA (on brief).

For Appellee: Major Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain Kenneth W. Borgnino, JA (on brief).

28 September 2012

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

KERN, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of willfully disobeying a superior commissioned officer (two specifications), fleeing apprehension, damage to government property, drunken operation of a vehicle, assault consummated by battery (two specifications), and wrongful communication of a threat, in violation of Articles 90, 95, 108, 111, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 895, 908, 911, 928, 934 (2006) [hereinafter UCMJ]. A panel composed of officer and enlisted members sentenced appellant to a bad-conduct discharge, confinement for three years, and forfeiture of all pay and allowances. The convening authority approved only so much of the sentence extending to a bad-conduct discharge, confinement for seventeen months, and forfeiture of all pay and allowances. Appellant was credited with 188 days of confinement against the sentence to confinement.

VALENCIA—ARMY 20090381

Among appellant's assignments of error for our review under Article 66, UCMJ, is an allegation that he was denied his Sixth Amendment right to effective assistance of counsel in the post-trial phase of his court-martial. Prior to the convening authority's action, appellant's defense counsel submitted post-trial matters pursuant to Rules for Courts-Martial [hereinafter R.C.M.] 1105 and 1106. In this submission, appellant's defense counsel included a request for Discharge in Lieu of Trial by Court-Martial under the provisions of Chapter 10, Army Reg. 635-200, Personnel Separations: Active Duty Enlisted Administrative Separations (2005). However, the request for discharge was not signed by appellant, nor was there an indication whether appellant desired to personally submit matters along with the request. This is inconsistent with the provisions of the regulation.

Appellant now claims in an affidavit that his trial defense counsel never coordinated or consulted with him regarding his R.C.M. 1105 post-trial submission. As relief, appellant requests that this court set aside his action and order a new post-trial recommendation and action. In an affidavit in response to an order from this court, appellant's defense counsel states that he contacted appellant after his trial, and "it was settled that the Chapter 10 request would be the centerpiece of the post-trial submission." However, this discussion occurred months before the record of trial was authenticated and the recommendation of the staff judge advocate (SJA) was served. Appellant's defense counsel felt, however, that he had enough information from his earlier interactions with appellant to sufficiently represent him during the post-trial phase of his case.

This court would normally attempt to resolve the conflicting affidavits between appellant and his defense counsel concerning appellant's post-trial representation in a hearing conducted in accordance with *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967) (per curiam). *See United States v. Ginn*, 47 M.J. 236, 243 (C.A.A.F. 1997). In this case, however, we need not resolve the conflict because "we are not convinced appellant was 'afforded a full opportunity to present matters to the convening authority prior to his action on the case.'" *United States v. Fordyce*, 69 M.J. 501, 504 (Army Ct. Crim. App. 2010) (en banc) (quoting *United States v. Hawkins*, 34 M.J. 991, 995 (A.C.M.R. 1992)). Therefore, we are compelled to grant appellant the relief he requests.

First, it appears that the combination of defense counsel inaction in reviewing the record of trial for errata and the government not moving the case forward for authentication by the military judge allowed the case to sit for several months. This delay had a particular impact in this case because it significantly lengthened the time between appellant discussing his post-trial submissions with his defense counsel and the date when matters were submitted. Both the defense counsel and appellant point out in their affidavits that they were able to communicate immediately after the trial, but had difficulty communicating during the time frame when the R.C.M. 1105 matters were submitted. The government could have avoided these problems had it

2

proceeded with authentication under R.C.M. 1103(g)(1)(B), which contains an exception to allowing defense counsel to examine the record where unreasonable delay will result. Nevertheless, difficulties in communication do not excuse a lack of client consultation. If a significant amount of time passes between post-trial discussions and submission of matters, defense counsel should be persistent in contacting his client at a time in closer proximity to the time of any clemency submission to ensure the client's clemency interests have not changed.

Second, in the SJA's addendum to his post-trial recommendation, there is no mention of the irregularity that the submitted request for discharge was not signed by appellant. The SJA merely stated a request for discharge was enclosed and adhered to his recommendation that the convening authority approve the sentence as adjudged with the confinement limitation from the pretrial agreement. A more prudent course of action for the SJA would have been to raise the irregularity with the trial defense counsel to have it corrected, or alternatively, to note the irregularity in the addendum and serve that on defense counsel, if necessary.

Our superior court has noted an accused's best chance for clemency rests with the convening authority. *See United States v. Wheelus*, 49 M.J. 283, 287 (C.A.A.F. 1998); *United States v. MacCulloch*, 40 M.J. 236, 239 (C.M.A. 1994). In addition, "the convening authority's obligation to consider defense submissions is uniquely critical to an accused." *United States v. Hamilton*, 47 M.J. 32, 35 (C.A.A.F. 1997). In this case, we find that our concerns with the post-trial processing listed above prejudiced appellant by preventing him from fully presenting matters and receiving meaningful consideration of his clemency request. *See Fordyce*, 69 M.J. at 504.

## CONCLUSION

The convening authority's initial action, dated 28 September 2010, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate recommendation and a new action by the same or different convening authority in accordance with Article 60(c)–(e), UCMJ. In addition, appellant will receive assistance from a new defense counsel.

Judges ALDYKIEWICZ and MARTIN concur.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court