# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JEFFRY T. MILLER**
**United States Army, Appellant**

ARMY 20110406

Headquarters, Fort Drum
Andrew J. Glass, Military Judge
Major Matthew H. Adams, Acting Staff Judge Advocate (pretrial)
Lieutenant Colonel Olga M. Anderson, Staff Judge Advocate (post-trial)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Barbara A. Snow-Martone (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain Daniel D. Maurer, JA (on brief).

29 March 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge, sitting as a special court-martial convicted appellant, pursuant to his plea, of one specification of absence from his unit without authority for over thirty days, in violation of Article 86 Uniform Code of Military Justice, 10 U.S.C. § 886 [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge and confinement for six months.

This case is before the court for review under Article 66, UCMJ. Appellant claims he suffered prejudicial error because he was denied his right to request that the convening authority defer automatic forfeitures. Appellant's post-trial and appellate rights form indicated that he wanted to request deferment of automatic forfeitures. After court-martial, appellant's counsel never requested deferral of automatic forfeitures by the convening authority.

In response to appellant's assignment of error on this issue, appellant's trial defense counsel submitted an affidavit addressing why he did not submit a request for deferment on behalf of appellant. In this affidavit, the trial defense counsel said, "I believe we must have discussed this . . ." and, "I cannot recall when I next spoke to PFC Miller, but I do not believe that I eschewed submitting a request for deferment . . . without obtaining [an] oral agreement with him first." These equivocal statements indicate that counsel could not specifically recall appellant rescinding his prior decision to request deferral of forfeitures. Further, the trial defense counsel admitted in his affidavit that appellant never revised his post-trial and appellate rights form to indicate any change in his decision regarding the nature of his post-trial submissions to the convening authority. Therefore, we have no clear documentation or reliable recollection that appellant changed his mind and decided not to submit a request for deferment of automatic forfeitures.

There is apparent error in the post-trial processing of appellant's case because we are not convinced appellant was "afforded a full opportunity to present matters to the convening authority prior to his action on the case." *United States v. Fordyce*, 69 M.J. 501, 504 (Army. Ct. Crim. App. 2010) (en banc) (quoting *United States v. Hawkins*, 34 M.J. 991, 995 (A.C.M.R. 1992)). To prevail on an allegation of post-trial error, appellant must show he was prejudiced as a result of that error. *United States v. Wheelus*, 49 M.J. 283, 288 (C.A.A.F. 1998). In matters affecting the convening authority's post-trial decision to grant clemency, "there is material prejudice to the substantial rights of an appellant if there is an error and the appellant 'makes some colorable showing of possible prejudice.'" *Id*. at 289 (quoting *United States v. Chatman*, 46 M.J. 321, 323–24 (C.A.A.F. 1997)).

Under the facts of this case, we find appellant has demonstrated a "colorable showing of possible prejudice." *See Wheelus*, 49 M.J. at 289. As a result, we exercise our discretion and set aside the convening authority's action and order a new staff judge advocate recommendation and action by the convening authority.

## CONCLUSION

The action of the convening authority, dated 6 December 2011, is set aside. The record of trial will be returned to The Judge Advocate General for preparation of a new staff judge advocate recommendation and action by the same or a different convening authority in accordance with Article 60(c)–(e), UCMJ.

FOR THE COURT:

KENNETH J. TOZZI
COL, JA
Acting Clerk of Court

2