UNITED STATES, Appellee,

v.

Staff Sergeant Noble HARRIS,
256–17–0940, United States
Army, Appellant.

ACMR 8801579.

U.S. Army Court of Military Review.

23 Feb. 1993.

For Appellant: William J. Holmes, Captain Antonier L. White, JAGC (on brief).

For Appellee: Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Donna L. Barlett, JAGC, Captain Samuel J. Smith, Jr., JAGC (on brief).

Before CREAN, JOHNSTON, and GONZALES, Appellate Military Judges.

OPINION OF THE COURT
ON REMAND

CREAN, Senior Judge:

This case has a long history of appellate action. The appellant was found guilty on 19 July 1988, by a general court-martial composed of officer and enlisted members, of distribution of cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. V 1987). The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to Private E1.

In our first review of this case, we set aside the action of the convening authority and ordered that a new action be taken. *United States v. Harris*, 30 M.J. 580 (A.C.M.R.1990). The convening authority took the new action on 20 July 1990. On further review, this Court affirmed the findings of guilty, but approved only so much of the sentence as provided for a dishonorable discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to Private E1. *United States v. Harris*, ACMR 8801579 (A.C.M.R. 15 Apr. 1990) (unpub.). However, the United States Court of Military Appeals set aside this Court's decision because of a

potential issue of ineffectiveness of the trial defense counsel and remanded the case to us. *United States v. Harris*, 34 M.J. 297, 302 (C.M.A.1992).

The Court of Military Appeals in its opinion carefully set out the facts of this case and the applicable law on ineffectiveness of counsel so there is no reason to do so here. *Harris*, 34 M.J. at 298–299. That court determined that the appellant *may* have been denied effective assistance of counsel because his civilian trial defense counsel did not present an abundance of documentary and witness testimony as to the appellant's "good soldier" characteristics. The case was remanded to this Court to permit the civilian trial defense counsel the opportunity to respond to the assertion of his ineffective performance in not presenting this "good soldier" evidence.

▮ The civilian trial defense counsel explained his tactical reasons for not submitting this material to the original trial court in an affidavit dated 29 October 1992. The counsel explained that the appellant, the appellant's wife, and another soldier named Johnson were also facing civilian charges for possession of cocaine. The appellant was suspected by the civilian authorities of being a ring leader in a cocaine distribution network. He was concerned that the more the testimony of Johnson was needed by the government, the more the government would be inclined to "cut a deal" with Johnson for a reduced sentence in exchange for his testimony against the appellant. He knew that the government was more interested in pursuing the case against the appellant because he was the higher ranking noncommissioned officer. The civilian defense counsel, in his affidavit, further explained why he did not present any other "good soldier" characteristics of the appellant as follows:

> Appellant was not fully disclosing his relationship with ... Johnson or his knowledge of drug activity, ... he believed both that detrimental effects of Johnson's testimony and the ability of government counsel's ability [sic] to undermine character evidence by asserting that Appellant's [sic] had engaged in the wrongful conduct with some degree of comfort, believing that his record as a soldier would effectively shield him, mitigated against relying too heavily on character evidence, which may have increased the Government's compulsion to use Johnson against Appellant.

The civilian defense counsel also was concerned that the evidence presented at the military trial not prejudice the case he had for the appellant on the civilian charges.

▮ The Court of Military Appeals carefully pointed out that the competence of counsel is presumed and the reasonableness of counsel's performance is to be evaluated at the time of the trial in light of all the circumstances. There must be specific errors that were unreasonable under the prevailing professional norms for counsel. *Harris*, 34 M.J. at 299. Also, a reviewing court will not second guess a counsel's action unless there is no realistic or tactical basis for it. *United States v. Rivas*, 3 M.J. 282 (C.M.A.1977). We find that the trial defense counsel had realistic tactical and strategic reasons for not presenting the additional "good soldier" evidence. He was rightly concerned with the government's ability to rebut the evidence by the use of Johnson and the effect such rebuttal would have on the court members. His concern about the civilian charges was also justified. Accordingly, we hold that his performance met the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The findings of guilty and the sentence as modified earlier by this Court are affirmed.

Judge JOHNSTON and Judge GONZALES concur.